

Proskauer Rose LLP   One Newark Center   Newark, NJ 07102-5211

A New York Limited Liability Partnership
Lawrence R. Sandak, Managing Resident Partner

Lawrence R. Sandak
Member of the Firm
d +1.973.274.3256
f 973.274.3299
lsandak@proskauer.com
www.proskauer.com

January 17, 2018

**By ECF**

Hon. Susan D. Wigenton
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

Re:   *Waterfront Commission of New York Harbor v. Philip Murphy, in his official capacity as Governor of New Jersey,* 18-cv–00650 (SDW)(LDW)

Dear Judge Wigenton:

We represent Plaintiff Waterfront Commission of New York Harbor (the "Waterfront Commission") in the above-referenced matter. We write to inform the Court that Plaintiff is filing today by ECF an Order to Show Cause why a preliminary injunction should not be issued, together with supporting papers. In connection therewith, we respectfully request a conference at the Court's earliest convenience to set a schedule on the Order to Show Cause.

The urgent request for relief is necessitated by former Governor Christie's signing on Monday, January 15, 2018, of New Jersey Senate Bill No. 3502 (the "New Jersey Law"), which provides that New Jersey, notwithstanding the absence of agreement by the State of New York or Congress, will unilaterally withdraw no later than 120 days from Monday from an interstate Compact with New York, which Congress approved 65 years ago. That Compact created the Waterfront Commission and authorizes it to police and regulate the employment in New York Harbor on both sides of the Hudson to prevent the corruption and unfair hiring practices that have pervaded the Port of New York and New Jersey.

The proposed injunction would prevent, pending a decision on the merits, Governor Murphy from implementing and enforcing the New Jersey Law, which, by its terms, would dissolve the Compact, seize the New Jersey-based assets of the Waterfront Commission, and transfer to the New Jersey State Police the Waterfront Commission's authority to police and regulate employment of dock workers on the New Jersey Side of the Harbor.

As demonstrated in our moving papers, the New Jersey Law, by purporting to cancel an interstate compact, which is a federal law, is clearly unconstitutional because it violates the Supremacy Clause of the United States Constitution. As Governor Christie himself wrote two years ago, when he vetoed virtually identical legislation:



Hon. Susan D. Wigenton
January 17, 2018
Page 2

I am advised that federal law does not permit one state to unilaterally withdraw from a bi-state compact approved by Congress. As a result, it is premature for New Jersey to contemplate withdrawing from the Waterfront Commission until New York considers similar legislation.

We therefore hope we can meet with your Honor to set a briefing schedule as soon as your schedule permits.

Respectfully submitted,

*s/ Lawrence R. Sandak*

Lawrence R. Sandak


Cc:   Hon. Philip Murphy (*by hand*)
      Gurbir Grewal, Esq., Attorney General of New Jersey (*by hand*)