UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WATERFRONT COMMISSION OF NEW YORK HARBOR,<br><br>      Plaintiff,<br><br>v.<br><br>PHILIP MURPHY, in his official capacity as Governor of New Jersey,<br><br>      Defendants. | Civil Action No. 2:18-CV-00650-SDW<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Leda Dunn Wetre, U.S.M.J.<br><br><br>Return Date: February 20, 2018, unless the Court elects to hear this motion on short notice |

### BRIEF IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF STEPHEN M. SWEENEY, PRESIDENT OF THE NEW JERSEY SENATE, AND CRAIG J. COUGHLIN, SPEAKER OF THE NEW JERSEY GENERAL ASSEMBLY

                CULLEN AND DYKMAN, LLP
                433 Hackensack Avenue
                Hackensack, NJ 07601
                (201) 488-1300
                Attorneys for Interveners-Applicants
                Senate President Stephen M. Sweeney and
                Assembly Speaker Craig J. Coughlin

LEON J. SOKOL, ESQ. (LJS4104)
Of Counsel and On the Brief

STEVEN SIEGEL, ESQ. (SNS7631)
DANIEL S. EICHHORN, ESQ. (DSE5505)
On the Brief

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...............................................................................1

LEGAL ARGUMENT.............................................................................................3

    POINT I....................................................................................................................3

        THE PRESIDING OFFICERS OF THE NEW JERSEY SENATE AND GENERAL ASSEMBLY ARE ENTITLED TO INTERVENE IN THIS ACTION UNDER THE AUTHORITY OF <u>EITHER</u> FED. R. CIV. PRO. 24(b)(1)(B) (INTERVENTION BY A GOVERNMENTAL OFFICER OR AGENCY) <u>OR</u> FED. R. CIV. PRO. 24(b)(2)(A) (PERMISSIVE INTERVENTION)

        A. The Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. Pro. 24(b)(2)(A) ...........................................................................3

            1. The Senate's and Assembly's enactment of *L.* 2017, *c.* 324 -- *i.e.*, the statute under challenge in this litigation .................4

            2. The Senate's and the Assembly's prior legislation intended to increase New Jersey's oversight over the Waterfront Commission ..............................................................5

            3. Senate President Sweeney and Speaker Coughlin, as presiding officers of their respective legislative bodies, are entitled to represent the interests of the Senate and the Assembly in litigation .................................................................6

        B. In the alternative, the Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. Pro. 24(b)(1)(B) ............................................7

    POINT II...................................................................................................................9

        THE PRESIDING OFFICERS SEEK LEAVE TO INTERVENE ON SHORT NOTICE SO THAT (IF THIS MOTION WERE GRANTED) THE PRESIDING OFFICERS MAY FILE A BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IN ACCORDANCE WITH THE BRIEFING SCHEDULE SET DOWN BY THIS COURT BY ITS ORDER OF JANUARY 23, 2018

CONCLUSION ......................................................................................................10

## **PRELIMINARY STATEMENT**

Stephen M. Sweeney, President of the New Jersey Senate, and Craig J. Coughlin, Speaker of the General Assembly (hereafter collectively, "the Presiding Officers"), respectfully request leave to intervene as Defendants in this matter. The Presiding Officers seek to intervene in order to represent the interests of the New Jersey Senate and New Jersey General Assembly in this action challenging a recently enacted statute.

This litigation seeks declaratory and injunctive relief against *L.*2017, *c.* 324 (hereafter "the Act"). The Act directs the Governor to withdraw from the compact establishing the Waterfront Commission, dissolves the compact and the Commission and transfers the Commission's New Jersey operations to the State Police. The Act was passed by the Senate on December 7, 2017 and was passed by the Assembly on January 8, 2018. It was signed by the Governor on January 16, 2018.

On the same day that the Act was approved, the Waterfront Commission filed its complaint and, thereafter, a motion for a preliminary injunction. The motion is scheduled to be heard on February 22. Opposition papers are due on February 6.

In seeking leave to intervene, the Presiding Officers rely on two distinct alternative grounds authorizing intervention. The first alternative ground permits intervention by a government officer or agency when "a party's claim or defense is based on … a statute or executive order administered by the officer or agency." Fed. R. Civ. P. 24(b)(2)(A). The second alternative ground is the familiar general permissive intervention standard, Fed. R. Civ. Pro. 24(b)(1)(B), which requires: (a) the motion to be timely; (b) an applicant's claim or defense and the main action have a question of law or fact in common; and (c) the intervention may not cause undue delay or prejudice to the original parties' rights. It is respectfully submitted that the Presiding Officers are entitled to intervene under either, or both, of these two grounds.

As fully set forth herein, the Legislature has for many years sought to ensure greater oversight and accountability over the operations of the Waterfront Commission. The Legislature has found that the Commission has taken actions over many years that are harmful to New Jersey's vital maritime industries and port-related employment. The Act represents the culmination of many years of legislative activity wherein the Legislature attempted to ensure meaningful oversight over the operations of the Waterfront Commission but was frustrated at every turn by New York's lack of responsiveness in enacting counterpart legislation (a requirement under the terms of the interstate compact establishing the Commission). After careful consideration, the Legislature determined that the public interest required New Jersey's withdrawal from the compact establishing the Waterfront Commission and the transfer of the Commission's New Jersey operations to the State Police. The Presiding Officers respectfully seek leave to intervene in order to present these and other vital factual issues and legal perspectives before this Court.

## LEGAL ARGUMENT

## POINT I

**THE PRESIDING OFFICERS OF THE NEW JERSEY SENATE AND GENERAL ASSEMBLY ARE ENTITLED TO INTERVENE IN THIS ACTION UNDER THE AUTHORITY OF <u>EITHER</u> FED. R. CIV. PRO. 24(b)(1)(B) (INTERVENTION BY A GOVERNMENTAL OFFICER OR AGENCY) <u>OR</u> FED. R. CIV. PRO. 24(b)(2)(A) (PERMISSIVE INTERVENTION)**

This Court should allow Senate President Sweeney and Speaker Coughlin to intervene in this action because, as Presiding Officers of the New Jersey Legislature, they are clearly interested in the subject matter and outcome of this lawsuit. The action challenges the constitutionality of a statute recently enacted by the Legislature. The Presiding Officers' participation will assist in the development of the issues in the lawsuit, and in no way will prejudice any of the parties.

The Presiding Officers are entitled to intervene in this action under the authority of *either* Fed. R. Civ. Pro. 24(b)(2)(A) (intervention by a governmental officer or agency) *or* Fed. R. Civ. Pro. 24(b)(1)(B) (permissive intervention). Each of these alternative grounds is addressed in turn.

**A. The Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. Pro. 24(b)(2)(A)**

Fed. R. Civ. P. 24(b)(2)(A) provides, in relevant part, that permissive intervention may be granted to a government officer or agency when "a party's claim or defense is based on ... a statute or executive order administered by the officer or agency."

"Rule 24(b) expands the traditional concept of claim or defense insofar as intervention by a governmental officer or agency is concerned." *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C.Cir.1967). "The rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." *Metro Transp. Co. v. Balboa Ins. Co.,* 118 F.R.D. 423, 424 (E.D. Pa. 1987); *Karr v. Castle*, 768 F. Supp. 1087, 1092 (D. Del.

3

1991) ("The thrust of this portion of Rule 24(b) is in the direction of liberally allowing government agencies to intervene").

The Third Circuit described an earlier, substantially similar version of the rule as "mak[ing] specific provision for intervention by governmental agencies interested in statutes, regulations, or agreements relied upon by the parties in the action." *Halderman v. Pennhurst State Sch. & Hosp.,* 612 F.2d 84, 92 (3d Cir.1979) *rev'd on other grounds,* 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981). *See also* Fed. R. Civ. Pro. 24 Advisory Committee's notes. "The rule requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." *Metro Transp. Co. v. Balboa Ins. Co.,* 118 F.R.D. 423, 424 (E.D.Pa.1987) (citing 7C Wright & Miller, *Fed. Prac. & Proc.* § 1913 (3d ed.)). Indeed, even before Rule 24 was amended to provide for the intervention of a government agency or officer in an action in which a party relies on a statute that the governmental entity administers, the Supreme Court sanctioned intervention by the government when appropriate and useful to advance the public interest. *See* 7C Wright & Miller, *Fed. Prac. & Proc.* § 1912 (3d ed.) (discussing *Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.,* 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 (1940)).

**1. The Senate's and Assembly's enactment of *L.* 2017, *c.* 324 -- *i.e.,* the statute under challenge in this litigation**

This litigation challenges the constitutionality of a New Jersey statute, *L.* 2017, *c.* 324. *See* Sokol Aff., Exhibit "C". The legislation directs the Governor to withdraw from the compact establishing the Waterfront Commission, dissolves the compact and the Commission and transfers the Commission's New Jersey operations to the State Police. *Id.* The legislation was passed by the Senate on December 7, 2017 and was passed by the Assembly on January 8, 2018. It was signed by the Governor on January 16.

The legislative history of L.2017, c. 324 is summarized as follows. The legislation was

4

introduced in the Assembly on January 27, 2016 as A2179 and referred to Assembly Law and Public Safety Committee. *See* Sokol Aff., Exhibit "B" (summary of legislative history). On November 30, 2017, the bill was reported out of that Committee and referred to the Assembly Appropriations Committee. *Id.* On December 18, 2017, the Appropriations Committee issued a Statement summarizing the legislation. Sokol Aff., Exhibit "D". On January 8, 2018, A2179 was substituted by an identical Senate legislation, S3502. On the same day, the Assembly passed S3502.

In the Senate, the legislation (S3502) was introduced on November 9, 2017. It was referred to the Senate Budget and Appropriations Committee. *See* Sokol Aff., Exhibit "B". On November 20, that Committee issued a Statement summarizing the legislation. Sokol Aff., Exhibit "E" On November 30, the legislation was reported out of the Committee. On December 7, the legislation passed the Senate. As previously noted, the legislation was signed by the Governor on January 16. Sokol Aff., Exhibit "B".

**2. The Senate's and the Assembly's prior legislation intended to increase New Jersey's oversight over the Waterfront Commission**

*L.* 2017, *c.* 324 represents the culmination of many years of legislative activity involving the Waterfront Commission wherein the Legislature attempted to ensure meaningful oversight over the operations of the Waterfront Commission but was frustrated by New York's lack of responsiveness in enacting counterpart legislation (a requirement under the terms of the interstate compact, *see N.J.S.A.* 32:23-70: *McK. Unconsol. Laws* § 9871). For example, in 2007, the Legislature repealed a portion of the Waterfront Commission Act that the Legislature concluded was harming New Jersey's economic interests. *See L.* 2007, *c.* 167. This legislation eliminated the Waterfront Commission's discretion to allow or deny the hiring of new longshoremen provided certain preconditions were satisfied. *See id.* In 2017, the Legislature enacted a bill that established gubernatorial veto power over the Waterfront Committee meeting

5

minutes. *See L.* 2017, *c.* 201. Although enacted, each of these statutes remains ineffective because of New York's failure to enact concurrent legislation. As these and other recent legislative acts demonstrate, the Senate and the Assembly (with the approval of the Governor) have endeavored to exercise oversight over the Waterfront Commission for many years.

**3. Senate President Sweeney and Speaker Coughlin, as presiding officers of their respective legislative bodies, are entitled to represent the interests of the Senate and the Assembly in litigation**

It has long been recognized that the Presiding Officers of the New Jersey Legislature may represent the interests of their respective legislative bodies in litigation. *See, e.g., Abbott v. Burke,* 164 N.J. 84, 87 (2000) (allowing Assembly Speaker to intervene in appeal "out of deference to the constitutional branches of government"); *Karcher v. Kean,* 97 N.J. 483, 487 (1984) (considering appeal brought by the Senate President and Speaker, on behalf of their respective legislative bodies, challenging the Governor's use of the line-item veto); *In re Forsythe,* 91 N.J. 141, 144 (1982) (allowing the Senate President and the Assembly Speaker to intervene to defend redistricting statute).

More recently, the New Jersey Appellate Division expressly recognized the standing of the Senate President to bring an appeal to advance the interest of the Senate. *See In Re Governor Christie's Appointment,* 436 *N.J. Super* 575, (App. Div. 2014). The court held:

> We are convinced that the Senate has a strong interest in exercising its authority to advise and consent to gubernatorial appointments, if such advice and consent is required by law. **We are also convinced that, as Senate President, Sweeney has standing to bring this appeal to advance that interest.**
>
> Recognition of the Senate President's standing in this dispute is consistent with past practice....
>
> The Governor argues that Senator Sweeney should not be permitted to represent the Senate's interest in this case because the Senate did not adopt a resolution authorizing him to do so. We note that in *General Assembly of New Jersey v. Byrne*, 90 N.J. 376, 381 (1982), the Legislature had passed a concurrent resolution

6

authorizing the Senate President and Assembly Speaker to begin a legal action to enforce certain legislation. However, **such a resolution is not required to confer standing on the Senate President to further the Senate's institutional interests through litigation.**

[*Id.* at 587 (emphasis added)]

Similarly, the United States District Court for the District of New Jersey has held that the Senate President and the Assembly Speaker are entitled to represent the interests of the Senate and the Assembly in litigation in the District of New Jersey challenging the validity of statute enacted by the Legislature. *See, e,g., Nat'l Collegiate Athletic Ass'n v. Christie,* 61 F. Supp. 3d 488, 491, n. 1 (D.N.J. 2014) (granting leave to intervene to the Senate President and the Assembly Speaker with respect to litigation challenging a law legalizing sports betting in New Jersey), *aff'd sub nom., Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey,* 799 F.3d 259 (3d Cir. 2015), *reh'g en banc granted, opinion vacated* (Oct. 14, 2015), *on reh'g en banc,* 832 F.3d 389 (3d Cir. 2016), and *aff'd sub nom., Nat'l Collegiate Athletic Ass'n v. Governor of New Jersey,* 832 F.3d 389 (3d Cir. 2016); *cert. granted,* 137 S.Ct. 2326 (2017).

\*\*\*

As previously noted, Fed. R. Civ. P. 24(b)(2) "requires that intervention be granted liberally to governmental agencies because they purport to speak for the public interest." *Metro Transp. Co. v. Balboa Ins. Co.,* 118 F.R.D. 423, 424 (E.D. Pa. 1987). This motion seeks precisely to interject the Legislature's factual and legal perspectives that address the vital public interest at issue in this litigation. For these reasons, the Presiding Officers' motion to intervene should be granted pursuant to Fed. R. Civ. P. 24(b)(2).

## B. In the alternative, the Presiding Officers are entitled to intervene pursuant to Fed. R. Civ. Pro. 24(b)(1)(B)

The Presiding Officers also are entitled to intervene pursuant to Fed. R. Civ. Pro. 24(b)(1)(B) – the general permissive intervention rule that is applicable to *any* proposed intevenor

(as distinct from government agencies or officers). Permissive intervention requires: (1) the motion to be timely; (2) an applicant's claim or defense and the main action have a question of law or fact in common; and (3) the intervention may not cause undue delay or prejudice to the original parties' rights. *See* Fed.R.Civ.P. 24(b); *see also N.C.A.A. v. Governor of N.J.,* 520 Fed.Appx. 61, 63 (3d Cir.2013); *Appleton v. Comm'r,* 430 Fed.Appx. 135, 137–38 (3d Cir.2011). So long as these threshold requirements are met, whether to allow a party to permissively intervene is left to the sound discretion of the court. *See N.C.A.A.,* 520 Fed.Appx. at 63.

As to the first factor, the Presiding Officers' motion is timely. The Presiding Officers have moved to intervene only nine days after the Complaint was filed. No proceedings in this matter have yet occurred. A hearing on Plaintiff's Order to Show Cause is scheduled for February 22. Opposition papers to Plaintiffs' Order to Show Cause have not yet been filed.

As to the second factor, the Presiding Officers' position in this litigation undoubtedly shares a common question of law with the position to be put forward by Defendant Governor Murphy in this litigation. Although the Governor has not yet filed a pleading in this matter, the Governor unquestionably will be defending the constitutionality of the statute under challenge in this litigation. The Presiding Officers also will be defending the constitutionality of the statute.

As to the third factor, the intervention will not cause "undue delay or prejudice" to the rights of either Plaintiff or Defendant. Indeed, the intervention will not cause *any* delay or prejudice whatsoever. As noted above, the Presiding Officers have filed this motion at the very inception of this litigation -- just a little more than a week after Plaintiff filed its Complaint. Moreover, the Presiding Officers' intervention will not cause any delay to current proceedings before the Court on Plaintiffs' Order to Show Cause, which is presently returnable on February 22.

Accordingly, it is respectfully submitted that the factors governing permissive intervention are satisfied. *See* Fed. R. Civ. Pro. 24(b)(1)(B). That being so, the Presiding Officers' motion

for permissive intervention should be granted.

## POINT II

**THE PRESIDING OFFICERS SEEK LEAVE TO INTERVENE ON SHORT NOTICE SO THAT (IF THIS MOTION WERE GRANTED) THE PRESIDING OFFICERS MAY FILE A BRIEF IN OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IN ACCORDANCE WITH THE BRIEFING SCHEDULE SET DOWN BY THIS COURT BY ITS ORDER OF JANUARY 23, 2018**

Pursuant to this Court's Order dated January 23, 2018, Plaintiff's preliminary injunction motion will be heard on Thursday February 22. The Governor's brief in opposition is due on February 6.

If the Presiding Officers' motion to intervene is placed on the Court's regular motion calendar, the motion will be heard on Tuesday February 20. If the motion were granted, counsel for the Presiding Officers could then appear at the February 22 hearing on Plaintiff's preliminary injunction motion. However, the Presiding Officers brief could not be submitted until just before the hearing.

It is therefore respectfully requested that this motion to intervene be heard on short notice. In this way (if this motion were granted) the Presiding Officers may file a brief in opposition to Plaintiff's preliminary injunction motion in accordance with the briefing schedule set down by this Court by its order of January 23.[1] Since briefs in opposition are due on February 6, we request that this motion to intervene be heard and decided by the Court no later than five days prior to February 6.

---

[1] In this way (if the motion were to be granted), Plaintiff would be afforded a full and fair opportunity to respond to the Intervenors' arguments on the preliminary injunction motion by way of Plaintiff's reply brief that is presently scheduled to be filed on February 13.

9

## CONCLUSION

For the reasons set forth above, the motion of Senate President Sweeney and Assembly Speaker Coughlin – seeking leave to intervene as Defendants – should be granted.

           Respectfully submitted,

           Cullen and Dykman LLP
           Attorneys for Interveners-Applicants
           Senate President Stephen M. Sweeney and
           Assembly Speaker Craig J. Coughlin

              */s/ Leon J. Sokol*
By: _____
           Leon J. Sokol  (LJS 4104)

Dated:  January 26, 2018