GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market St., P.O. Box 112
Trenton, NJ 08265-0112
     Attorney for Defendant

By:  Aaron A. Love
      Deputy Attorney General
      (609) 984-2845

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WATERFRONT COMMISSION OF NEW YORK HARBOR,<br><br>     Plaintiff,<br><br>v.<br><br>PHILIP MURPHY, in his official capacity as Governor of New Jersey,<br><br>     Defendant,<br><br>and<br><br>STEPHEN M. SWEENEY, President of the New Jersey Senate, and CRAIG J. COUGHLIN, Speaker of the New Jersey General Assembly,<br><br>     Defendants-Intervenors. | Civil Action No.<br>2:18-cv-00650(SDW)(LDW)<br><br><br>**CERTIFICATION OF<br>MICHELE D. MCGAHEY** |

I, Michele D. McGahey, of full age, hereby certify and say:

     1.     I am an Attorney Assistant within the New Jersey Department of Law & Public Safety, Division of Law, and am assisting with the above-captioned case.

I am fully familiar with the facts herein and make this Certification based upon my personal knowledge.   I submit this Certification in further support of the Defendant's Brief in Opposition to Preliminary Injunction Relief and in Support of Defendant's Cross Motion to Dismiss.

2.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Bylaws of the Waterfront Commission on file with the New Jersey Office of the Governor, Authorities Unit.

2.      On January 17, 2018, I requested from a New York State Interlibrary Loan Librarian the legislative history for New York P.L. 1953, c. 882, a law to establish a Waterfront Commission for New York Harbor.   I downloaded this document from the New York State Library's InterLibrary Loan internet accessible database (ILLiad) on January 17, 2018.

3.      Attached hereto as <u>Exhibit B</u> is a true and correct copy of Governor Dewey's letter of June 20, 1953 to the Members of the Legislature enclosing the draft bill to establish a Waterfront Commission for New York Harbor for consideration at the Special Session of the Legislature scheduled for June 25, 1953, as this letter appears in the legislative history on file with the New York State Library.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


_Michele D. McGahey_
Michele D. McGahey


Dated:        February 6, 2018

# **EXHIBIT A**

Λ. L
(¾)

The Commi ic adopted the following es. ution:

RESOLVED, that the By-Laws of the Waterfront Commission of New York Harbor previously adopted be and they hereby are rescinded effective March 17,  1975, and the following By-Laws of the Waterfront Commission be and they hereby are adopted, effective  March 17,  1975:

### I  SEAL

The official seal of the Waterfront Commission shall be a design bearing a combination of the seals of the State of New York and of the State of New Jersey, superimposed on a panorama of New York Harbor and bearing the words, "Waterfront Commission of New York Harbor."

### II  OFFICERS

The officers of the Waterfront Commission, who shall be appointed by the Commission, shall be an "Executive Director," a "Commission Counsel," a "Secretary," and such other officers as may be designated by the Commission.

### III  DUTIES OF THE OFFICERS

A.  The Executive Director, under the general direction of and in accordance with the policies established by the Commission, shall:

(1)  be generally in administrative charge of all Commission personnel and operations;

(2)  make recommendations to the Commission with respect to the hiring, discharge and changes in compensation of all personnel;

- 2 -

    (3)  initiate investigations pursuant to the provisions of the Waterfront Commission Act;

    (4)  order administrative hearings upon application and revocation proceedings pursuant to Article XI of the Waterfront Commission Compact; and

    (5)  perform such other duties as may be assigned to him by the Commission.

The Executive Director may delegate to staff members of the Commission such of his duties as may be appropriately delegated.

In the absence of the Executive Director, such officer or staff member assigned by the Commission or by the Executive Director shall exercise such authority and/or functions of the Executive Director as may be assigned to him.

B.  The Commission Counsel, under the general supervision of the Executive Director, shall:

    (1)  be legal counsellor and advisor to the Commission;

    (2)  prepare for the Commissioners a review of each administrative hearing case for sufficiency of evidence and correctness of law;

    (3)  prepare Commission orders and memoranda of decisions;

    (4)  review and prepare proposed New Jersey legislation affecting the Commission;

    (5)  determine questions concerning Commission assessments; and

    (6)  perform such legal research, handle other legal

- 3 -

matters and perform such other duties as may be assigned to him by the Commission or the Executive Director.

    C. The Secretary, under the general supervision of the Executive Director, shall:

        (1) keep the official records and the seal of the Commission;

        (2) certify, when required, copies of records;

        (3) act as records access officer of the Commission in accordance with Section 1.24 of Part 1 of the Commission's Rules and Regulations;

        (4) administer the labor relations policies and procedures of the Commission;

        (5) assign the Administrative Judges to conduct administrative hearings; and

        (6) perform such other duties as may be assigned to him by the Commission or the Executive Director.

## IV   DIVISIONS

    There shall be the following divisions: Executive and Administration, each of which shall be headed by the Executive Director; and Legal, Law Enforcement, Licensing, Employment Information Centers, and Litigation and Research, each of which shall be headed by a Director, under the general supervision of the Executive Director.

– 4 –

## V  MEETINGS

Regular meetings of the Waterfront Commission shall be held on Wednesday of each week unless otherwise ordered by the Commission. Special meetings may be called at any time by either member of the Commission.

Regular and special meetings shall be held at the general offices of the Commission unless otherwise ordered by the Commission.

## VI  ORDER OF BUSINESS

The order of business at regular meetings shall be:

    (a)  Approval of the minutes of the previous meeting;

    (b)  Reports of the Executive Director;

    (c)  Reports of the Commission Counsel;

    (d)  Unfinished Business;

    (e)  New Business.



ADOPTED
BY THE
COMM.
March 17, 1975

5038

# **<u>EXHIBIT B</u>**

*Col Shelley*
*File With Bill*
*GML*



STATE OF NEW YORK
EXECUTIVE CHAMBER
ALBANY

THOMAS E. DEWEY
GOVERNOR

June 20, 1953

TO THE MEMBERS OF THE LEGISLATURE:

    Attached is a draft of the bill to establish a Waterfront Commission for New York Harbor which will be considered at the special session of the Legislature which I have called for June 25th. There is also enclosed a draft of a waterfront labor act which will be introduced at the special session, primarily for study at this time.

    The bills were drafted by representatives of the Crime Commissions of New York and New Jersey, the Port Authority, Governor Driscoll's office and my own staff.

    You have already received a copy of the Fourth Report of the Crime Commission which describes its investigation of the New York waterfront and makes recommendations for remedying the shocking conditions it found. I have also sent to you the transcript of the public hearings on the Crime Commission recommendations held on June 8th and 9th. Many of you attended those hearings. The Waterfront Commission bill implements these recommendations and incorporates many of the suggestions made at the hearings. In addition to the bill itself, I am enclosing a summary which explains its provisions.

    The Waterfront Commission proposal represents one of the most important bills that has come before the Legislature in many years. Involved is the economic stability of the greatest port in the world, its liberation from gangster control and the welfare of millions of people dependent upon the commerce that flows through the port.

    The program and the solutions that are proposed are extraordinary because the problems of the great Port of New York are extraordinary. I was personally most reluctant to place this new burden upon state government. Yet after the fullest of hearings, no other feasible proposals were advanced and it was clear that there was no prospect that the parties could or would meet the problems of the port through voluntary action without the intervention of government.

21

-2-

The waterfront commission measure offers the hope of ending the evil exploitation of labor and industry which has terrorized the waterfront for many years and undermined the stability of a multi billion dollar industry vital to the economy of both states and the nation.

The employment centers and the system of licensing and registration will provide great benefits to labor, management, and the community.

To the employer, this program offers at a very moderate cost the hope of ending the pilferage, extortion and other exactions which have made the Port of New York one of the costliest in the world. It is estimated that pilferage alone accounts for losses many times greater than the cost of this entire program.

For labor the bill offers the end of the shape-up with its attendant evils and the restoration of dignity and freedom to honest workers.

The program will end the shameful public loading racket. It will protect labor from violence and intimidation and provide employers with the assurance that law and order may be substituted for jungle morals on the piers.

No law, however, of itself can provide a solution to all of the problems of the waterfront. Responsible labor-management procedures are indispensable to any permanent solution. Most urgent is the need for the establishment of arbitration procedures to provide prompt and binding determinations on grievances and other disputes which now harass the port and provide the opportunity for extortion and other vicious practices. Labor and management can and should agree to end these evils voluntarily through the arbitration process and the establishment of an impartial chairman with ample powers.

My earnest hope is that the Waterfront Commission need not be permanent and that government regulation may be terminated as quickly as possible after gangsters and hoodlums have been removed from the port and decency restored. Establishing the Waterfront Commission should hasten this day.

22

-3-

I am making the draft of this legislation public and placing it in your hands in advance of the session to make sure that every possible suggestion for its improvement can be made before it is introduced in the New York and New Jersey Legislatures.  I am confident that, after study, it will merit your whole hearted support.

With all good wishes,

Sincerely,

THOMAS E. DEWEY