**LEON J. SOKOL, ESQ. (LJS4104)**
**CULLEN AND DYKMAN, LLP**
**433 Hackensack Avenue**
**Hackensack, NJ 07601**
**(201) 488-1300**
Attorneys for Defendants-Intervenors
Senate President Stephen M. Sweeney and
Assembly Speaker Craig J. Coughlin

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WATERFRONT COMMISSION OF NEW YORK HARBOR,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**PHILIP MURPHY, in his official capacity as Governor of New Jersey,**<br><br>        **Defendant,**<br><br>    and<br><br>**STEPHEN M. SWEENEY, President of the New Jersey Senate, and CRAIG J. COUGHLIN, Speaker of the New Jersey General Assembly,**<br><br>        **Defendants-Intervenors.** | CIVIL ACTION NO.: 2:18-cv-00650-SDW<br><br>Hon. Susan D. Wigenton, U.S.D.J.<br>Hon. Leda Dunn Wetre, U.S.M.J.<br><br>Return Date: February 22, 2018<br><br>**DECLARATION OF DEFENDANT-INTERVENOR SENATE PRESIDENT STEPHEN N. SWEENEY IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND IN SUPPORT OF INTERVENOR-DEFENDANTS' CROSS-MOTION TO DISMISS** |

**STEPHEN M. SWEENEY**, of full age, affirms to the court as follows:

1.      I am the President of the New Jersey Senate and a Defendant-Intervenor in the

above-captioned matter.   I make this declaration in opposition to Plaintiff's motion for a

preliminary injunction and in support of Defendants-Intervenors' cross-motion to dismiss Plaintiff's Complaint.

2.      This litigation challenges the constitutionality of a New Jersey statute, *L.* 2017, *c.* 324. The legislation directs the Governor to withdraw from the compact establishing the Waterfront Commission, dissolves the compact and the Commission and transfers the Commission's New Jersey operations to the State Police. The legislation (then titled S3502) was passed by the Senate on December 7, 2017 and was passed by the Assembly on January 8, 2018. It was signed by the Governor on January 16, 2018. Attached hereto as Exhibit "A" is a true copy of *L.* 2017, *c.* 324.

3.      I was one of the Primary Sponsors of S3502.

4.       S3502 was introduced in the Senate on November 9, 2017. It was referred to the Senate Budget and Appropriations Committee.  On November 20, that Committee issued a Statement summarizing the legislation.  Attached hereto as Exhibit "B" is a true copy of the Statement of the Senate Budget and Appropriations Committee.

5.      The Committee's Statement principally addresses that portion of the bill that is intended to ensure the preservation and continuation of the Waterfront Commission's duties within the State of New Jersey.  All of the Commission's duties (with respect to its New Jersey operations) would be transferred to the New Jersey State Police.  These duties would include "processing applications filed by individuals and firms required to be registered or licensed to undertake port-related employment; supervising the hiring of longshoremen, checkers, and pier guards in the port; and making employment information available to these dock workers." Furthermore, the State Police would be authorized to deny or revoke the registration or licenses of those who involve themselves in criminal activity. *See id.*   Thus, a principal purpose of the bill was to grant to the New Jersey State Police all of the necessary powers to assume the functions of

the Waterfront Commission and "to investigate, deter, and combat criminal activity and influence

in the New Jersey portion of the port of New York."

6.     The enacted legislation contains a detailed series of findings that include a full

explanation of the Legislature's intent and purpose in authorizing the State's withdrawal from the

compact establishing the Waterfront Commission and the concomitant transfer the Commission's

New Jersey operations to the State Police.   Some of the findings were based upon information

provided by the New York Shipping Association, Inc. representing the employers at the port, and

the International Longshoremen's Association representing the employees.

7.     The Legislature found that the "changes in the industry" had "dr[iven] out

organized crime's influence" at the waterfront, and that the Commission had impermissibly shifted

its efforts into areas outside the intended scope of the Compact.  *L.* 2017, *c.* 324 at § l(b).  The

Commission "exercise[s] powers that do not exist within the authority of the compact" by, for

example, "dictating the terms of collective bargaining agreements" and "requiring stevedoring

companies to hire and retain independent inspectors to examine company operations." The

Commission has "over-regulated the businesses at the port in an effort to justify its existence." *Id.*

8.     The Commission's overreach has a substantial influence on New Jersey's economy

because "more than 82 percent of the cargo and 82 percent of the work hours" in the New York

Harbor "are on the New Jersey side of the port." *Id.* at § 1 (a). "The port and freight industry in

New Jersey alone supports more than 143,000 direct jobs and 250,000 total jobs" and creates

"nearly $14.5 billion in personal income" and "over $20 billion in business income." *Id.*

9.     The Commission is "the only waterfront commission in any port in the United

States." *Id.* at § 1 (b).   Every other port handles regulatory and enforcement functions through

government agencies that are directly accountable to State officials.  The Commission's lack of

accountability -- and its "over-regul[ation] [of] business at the Port -- has placed the Port at a

major competitive disadvantage.  For this and other reasons, the Commission has become "an impediment to future job growth and prosperity at the port." *Id.*

10.   In light of these findings, the Legislature concluded that "[a]bolishing the commission and transferring the New Jersey portion of the commission's law enforcement responsibilities to the New Jersey State Police would be practical and efficient, as the State Police is suited to undertake an investigation of any criminal activity in the ports of northern New Jersey without impeding economic prosperity."  *Id.* at § l(d).  Moreover, the State Police will share responsibility for protecting the safety of the waterfront, laborers, and employers, with a wide range of state, federal, and local regulators with concurrent criminal, labor, workplace safety, and national security jurisdiction within the New York Harbor district. Id. at § l (c).

11.   *L.* 2017, *c.* 324 represents the culmination of many years of legislative activity involving the Waterfront Commission.  In prior acts, the Legislature had attempted to ensure meaningful oversight over the Commission and reforming its operations by amending the Compact.  However, the Compact requires concurrence by New York to amend which was not forthcoming.  Unlike the requirement that both states must concur to amend the Compact, there is no such requirement in the Compact if either state chooses to withdraw.

12.   For example, in 2007 the Legislature repealed a portion of the Waterfront Commission Act that the Legislature had determined as harming New Jersey's economic interests. *See L.* 2007, *c.* 167.  This legislation eliminated the Waterfront Commission's discretion to allow or deny the hiring of new longshoremen provided certain preconditions were satisfied.  Similarly, in 2017 the Legislature enacted a bill that established gubernatorial veto power over the Waterfront Committee meeting minutes.  *See L.* 2017, *c.* 201. Neither of these acts took effect because of New York's failure to enact concurrent legislation.

13.     This recent history thus demonstrates that: (1) the Legislature reasonably and steadfastly attempted to reform the Commission by way of statutory amendment but consistently failed because of the concurrency requirement; (2) the Legislature reached the conclusion that its best option was withdrawal from the Compact (which, unlike amendment, does not carry with it a concurrency requirement); and (3) withdrawal represents the only way for the Legislature to break the deadlock and to reassert sovereign control over this vital sector of New Jersey's economy.

14.     The Compact has become unworkable. The Commission is unaccountable to State officials.   The Compact -- originally intended by its framers in 1953 to be no more than a "temporary" arrangement -- has long since outlived its usefulness and instead has become an impediment to the continuing competitiveness and economic viability of the Port.

15.     For all of these reasons the Legislature determined that it was in the best interest of all stakeholders that New Jersey withdraw from the Compact and transfer the Commission's functions and duties to State law enforcement officials who would be directly accountable to the State's officials and to the Legislature.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
Stephen M. Sweeney

Dated:  February __, 2018

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Stephen M. Sweeney

Dated:  February 5, 2018

# EXHIBIT A

# SENATE, No. 3502

# STATE OF NEW JERSEY

## 217th LEGISLATURE

INTRODUCED NOVEMBER 9, 2017

**Sponsored by:**
**Senator STEPHEN M. SWEENEY**
**District 3 (Cumberland, Gloucester and Salem)**
**Senator PAUL A. SARLO**
**District 36 (Bergen and Passaic)**
**Assemblywoman ANNETTE QUIJANO**
**District 20 (Union)**
**Assemblyman THOMAS P. GIBLIN**
**District 34 (Essex and Passaic)**
**Assemblyman BENJIE E. WIMBERLY**
**District 35 (Bergen and Passaic)**
**Assemblywoman ELIANA PINTOR MARIN**
**District 29 (Essex)**
**Assemblywoman L. GRACE SPENCER**
**District 29 (Essex)**
**Assemblyman JON M. BRAMNICK**
**District 21 (Morris, Somerset and Union)**
**Assemblyman DAVID P. RIBLE**
**District 30 (Monmouth and Ocean)**

**Co-Sponsored by:**
**Senator Lesniak, Assemblywoman Sumter, Assemblymen Johnson, Diegnan, Caputo, Singleton, Coughlin, A.M.Bucco, Rumana, S.Kean, Rooney, Assemblywomen Pinkin, B.DeCroce and Assemblyman Wisniewski**

**SYNOPSIS**
    Directs Governor to withdraw from compact establishing Waterfront Commission of New York Harbor; dissolves compact and commission; transfers commission's NJ operations to State Police.

**CURRENT VERSION OF TEXT**
    As introduced.

**(Sponsorship Updated As Of: 1/9/2018)**

**S3502** SWEENEY, SARLO

2

1   **AN ACT** directing the Governor, on behalf of the State of New
2   Jersey, to notify the Congress of the United States, the Governor
3   of the State of New York, and the Waterfront Commission of
4   New York Harbor, of the State of New Jersey's intention to
5   withdraw from the compact created by P.L.1953, c.202 (C.32:23-
6   1 et seq.), supplementing Titles 32 and 53 of the Revised
7   Statutes, amending R.S.52:14-7, and repealing parts of the
8   statutory law.
9
10   **BE IT ENACTED** *by the Senate and General Assembly of the State*
11   *of New Jersey:*
12
13   1.  (New section) The Legislature finds and declares that:
14   a.  The Port of New York and New Jersey (port) has been one
15   of the backbones of the region's economy for decades. When
16   ranked by tonnage, the port is the largest port complex on the East
17   coast of North America and the third largest in the United States.
18   When ranked by the value of shipments passing through it, the port
19   is the second busiest freight gateway in the United States. The
20   port's strategic location, within one day's drive of a significant
21   percentage of the national market and developed transportation
22   infrastructure, are key assets that have made the region a gateway
23   for international trade. Since the birth of containerization in 1956,
24   the marine terminals on the New Jersey side of the port have grown
25   significantly in comparison to the New York terminals. Today more
26   than 82 percent of the cargo and 82 percent of the work hours are
27   on the New Jersey side of the port. The port and freight industry in
28   New Jersey alone supports more than 143,000 direct jobs and
29   250,000 total jobs, nearly $14.5 billion in personal income, over
30   $20 billion in business income, and nearly $4.9 billion in federal,
31   State, and local taxes, of which State and local taxes account for
32   $1.6 billion.
33   b.  The Waterfront Commission of New York Harbor
34   (commission) was created through a compact between the states of
35   New Jersey and New York and approved by Congress in 1953. The
36   commission's mission is to ensure fair hiring and employment
37   practices and investigate, deter, and combat criminal activity and
38   influence in the port. The commission has itself been tainted by
39   corruption in recent years and, moreover, has exercised powers that
40   do not exist within the authorizing compact, by dictating the terms
41   of collective bargaining agreements of organized labor, and by
42   requiring stevedoring companies to hire and retain independent
43   inspectors to examine company operations in order for those
44   companies to continue to operate in the port. Further, the
45   commission, despite changes in the industry to drive out organized

EXPLANATION – Matter enclosed in bold-faced brackets **[thus]** in the above bill is
not enacted and is intended to be omitted in the law.

Matter underlined <u>thus</u> is new matter.

1    crime's influence, has over-regulated the businesses at the port in an
2    effort to justify its existence as the only waterfront commission in
3    any port in the United States. As a result, the commission has
4    become an impediment to future job growth and prosperity at the
5    port.
6      c.  While there is a continued need to regulate port-located
7    business to ensure fairness and safety, there are numerous federal,
8    State, and local taxpayer funded agencies that have jurisdiction that
9    the commission lacks to regulate port operations, including, but not
10   limited to: the United States Department of Homeland Security;
11   United States Customs and Border Protection; the United States
12   Coast Guard; the Transportation Security Administration; the
13   Federal Bureau of Investigation; the United States Department of
14   Labor's Division of Longshore and Harbor Workers Compensation;
15   the National Labor Relations Board; the Food and Drug
16   Administration; the United States Environmental Protection
17   Agency; the United States Department of Transportation; the
18   Federal Maritime Commission; the Occupational Safety and Health
19   Administration; the Port Authority of New York and New Jersey
20   Police Department; depending on the particular location of the
21   facility in New Jersey, the City of Newark Police Department, City
22   of Elizabeth Police Department, City of Bayonne Police
23   Department, City of Jersey City Police Department, and the New
24   Jersey State Police; and, in matters of fair hiring and employment
25   discrimination, the United States Equal Employment Opportunity
26   Commission and the New Jersey Division on Civil Rights.
27     d.  Abolishing the commission and transferring the New Jersey
28   portion of the commission's law enforcement responsibilities to the
29   New Jersey State Police would be practical and efficient, as the
30   State Police is suited to undertake an investigation of any criminal
31   activity in the ports of northern New Jersey without impeding
32   economic prosperity.
33
34     2.  (New section)  a.  Within 30 days of the effective date of
35   P.L.   , c.   (C.    ) (pending before the Legislature as this bill),
36   the Governor, on behalf of the State of New Jersey, shall notify the
37   Congress of the United States, the Governor of the State of New
38   York, and the waterfront commission of New York harbor, of the
39   State of New Jersey's intention to withdraw from:
40     (1) the compact entered into by the State of New Jersey pursuant
41   to its agreement thereto under P.L.1953, c.202 (C.32:23-1 et seq.)
42   and by the State of New York pursuant to its agreement thereto
43   under P.L.1953, c.882 (NY Unconsol. Ch.307, s.1), as amended and
44   supplemented; and
45     (2) the compact, entered into by the State of New Jersey
46   pursuant to its agreement thereto under P.L.1970, c.58 (C.32:23-150
47   et seq.) and by the State of New York pursuant to its agreement

**S3502** SWEENEY, SARLO
4

1   thereto under P.L.1970, c.951 (NY Unconsol. Ch.307, s.10), as
2   amended and supplemented.

3      b.  As soon as practicable after the date of notification pursuant
4   to subsection a. of this section, the Governor shall notify the
5   presiding officers of each house of the Legislature that the
6   notification has occurred, the date of the notification, and any other
7   information concerning the notification the Governor deems
8   appropriate.

9

10      3.  (New section) As used in P.L.   , c.  (C.     ) (pending
11   before the Legislature as this bill):

12   "Career offender" means a person whose behavior is pursued in
13   an occupational manner or context for the purpose of economic
14   gain, utilizing methods that are deemed criminal violations against
15   the laws of this State.

16   "Career offender cartel" means a number of career offenders
17   acting in concert, and may include what is commonly referred to as
18   an organized crime group.

19   "Carrier" means a carrier as that term is defined in 49 U.S.C.
20   s.13102.

21   "Carrier of freight by water" means any person who may be
22   engaged or who may hold himself or herself out as willing to be
23   engaged, whether as a common carrier, a contract carrier, or
24   otherwise, except for carriage of liquid cargoes in bulk in tank
25   vessels designed for use exclusively in that service or carriage by
26   barge of bulk cargoes consisting of only a single commodity loaded
27   or carried without wrappers or containers and delivered by the
28   carrier without transportation mark or count, in the carriage of
29   freight by water between any point in the port of New York district,
30   as applicable only within the State of New Jersey, and a point
31   outside that district.

32   "Checker" means a longshoreman who is employed to engage in
33   direct and immediate checking of waterborne freight or of the
34   custodial accounting therefor or in the recording or tabulation of the
35   hours worked at piers or other waterfront terminals by natural
36   persons employed by carriers of freight by water or stevedores.

37   "Commission" means the waterfront commission of New York
38   harbor established by the State of New Jersey pursuant to P.L.1953,
39   c.202 (C.32:23-1 et seq.) and by the State of New York pursuant to
40   its agreement thereto under P.L.1953, c.882 (NY Unconsol.
41   Ch.307, s.1).

42   "Common carrier" means a common carrier as that term is
43   defined in 46 U.S.C. s.40102.

44   "Compact" means the compact entered into by the State of New
45   Jersey pursuant to its agreement thereto under P.L.1953, c.202
46   (C.32:23-1 et seq.) and by the State of New York pursuant to its
47   agreement thereto under P.L.1953, c.882 (NY Unconsol. Ch.307,
48   s.1), as amended and supplemented.

1 "Consignee" means the person designated on a bill of lading as
2 the recipient of waterborne freight consigned for carriage by water.
3 "Container" means any receptacle, box, carton, or crate which is
4 specifically designed and constructed so that it may be repeatedly
5 used for the carriage of freight by a carrier of freight by water.
6 "Contract carrier" means a contract carrier as that term is defined
7 in 49 U.S.C. s.13102.
8 "Division" means the Division of State Police in the Department
9 of Law and Public Safety.
10 "Freight" means freight which has been or will be, carried by, or
11 consigned for carriage by a carrier of freight by water.
12 "Hiring agent" means any natural person who, on behalf of a
13 carrier of freight by water or a stevedore, shall select any
14 longshoreman for employment, and "hiring agent" includes any
15 natural person, who on behalf of any other person shall select any
16 longshoreman for employment.
17 "Immunity" means that a person shall not be prosecuted or
18 subjected to any penalty or forfeiture for or on account of any
19 transaction, matter, or thing concerning which, pursuant to an order
20 of the division, the person gave answer or produced evidence, and
21 that no answer given or evidence produced shall be received against
22 the person upon any criminal proceeding.
23 "Labor organization" means and includes any organization which
24 exists and is constituted for the purpose in whole or in part of
25 collective bargaining, or of dealing with employers concerning
26 grievances, terms and conditions of employment, or other mutual
27 aid or protection, but "labor organization" shall not include a
28 federation or congress of labor organizations organized on a
29 national or international basis even though one of its constituent
30 labor organizations may represent persons so registered or licensed.
31 "Longshoreman" means a natural person, other than a hiring
32 agent, who is employed for work at a pier or other waterfront
33 terminal, either by a carrier of freight by water or by a stevedore, to:
34 a. physically move waterborne freight on vessels berthed at piers,
35 on piers or at other waterfront terminals; b. engage in direct and
36 immediate checking of any such freight or of the custodial
37 accounting therefor or in the recording or tabulation of the hours
38 worked at piers or other waterfront terminals by natural persons
39 employed by carriers of freight by water or stevedores; c. supervise
40 directly and immediately others who are employed as a
41 longshoreman; d. physically to perform labor or services incidental
42 to the movement of waterborne freight on vessels berthed at piers,
43 on piers or at other waterfront terminals; e. physically move
44 waterborne freight to or from a barge, lighter, or railroad car for
45 transfer to or from a vessel of a carrier of freight by water which is,
46 shall be, or shall have been berthed at the same pier or other
47 waterfront terminal; or f. perform labor or services involving, or

**S3502** SWEENEY, SARLO

6

1    incidental to, the movement of freight at a pier or other waterfront
2    terminal.

3       "Longshoremen's register" means the register of eligible
4    longshoremen compiled and maintained by the division pursuant to
5    section 8 of P.L.  , c.  (C.    ) (pending before the Legislature
6    as this bill).

7       "Marine terminal" means an area which includes piers, which is
8    used primarily for the moving, warehousing, distributing, or
9    packing of waterborne freight or freight to or from piers and which
10   is under common ownership or control with the pier.

11      "Other waterfront terminal" means any warehouse, depot, or
12   other terminal, other than a pier, which is located within a marine
13   terminal in the port of New York district and which is used for
14   waterborne freight in whole or substantial part, and includes any
15   warehouse, depot, or other terminal, other than a pier, whether
16   enclosed or open, which is located in a marine terminal in the port
17   of New York district, any part of which is used by any person to
18   perform labor or services involving, or incidental to, the movement
19   of waterborne freight or freight.

20      "Person" means not only a natural person but also any
21   partnership, joint venture, association, corporation, or any other
22   legal entity but shall not include the United States, any state or
23   territory thereof, or any department, division, board, authority, or
24   authority of one or more of the foregoing.

25      "Pier" means any wharf, pier, dock, or quay in regular use for the
26   movement of waterborne freight between vessel and shore.

27      "Pier superintendent" means any natural person other than a
28   longshoreman who is employed for work at a pier or other
29   waterfront terminal by a carrier of freight by water or a stevedore
30   and whose work at the pier or other waterfront terminal includes the
31   supervision, directly or indirectly, of the work of longshoremen.

32      "Port of New York district" or "district" means the district
33   created by Article II of the compact dated April 30, 1921, between
34   the states of New York and New Jersey, authorized by chapter 154
35   of the laws of New York of 1921 and chapter 151 of the laws of
36   New Jersey of 1921.

37      "Port watchman" means any watchman, gateman, roundsman,
38   detective, guard, guardian, or protector of property employed by the
39   operator of any pier or other waterfront terminal or by a carrier of
40   freight by water to perform services in that capacity on any pier or
41   other waterfront terminal.

42      "Select any longshoreman for employment" means select a
43   person for the commencement or continuation of employment as a
44   longshoreman, or the denial or termination of employment as a
45   longshoreman.

46      "Stevedore" means a contractor, not including an employee,
47   engaged for compensation pursuant to a contract or arrangement
48   with a carrier of freight by water, in moving waterborne freight

1  carried or consigned for carriage by the carrier on vessels of the
2  carrier berthed at piers, on piers at which the vessels are berthed or
3  at other waterfront terminals. "Stevedore" shall also include:  a.
4  a contractor engaged for compensation pursuant to a contract or
5  arrangement with the United States, any state or territory thereof, or
6  any department, division, board, commission, or authority of one or
7  more of the foregoing, in moving freight carried or consigned for
8  carriage between any point in the port of New York district and a
9  point outside that district on vessels of the public agency berthed at
10  piers, on piers at which their vessels are berthed or at other
11  waterfront terminals;  b.  a contractor, engaged for compensation
12  pursuant to a contract or arrangement with any person to perform
13  labor or services incidental to the movement of waterborne freight
14  on vessels berthed at piers, on piers or at other waterfront terminals;
15  or c. a contractor engaged for compensation pursuant to a contract
16  or arrangement with any other person to perform labor or services
17  involving, or incidental to, the movement of freight into or out of
18  containers, which have been or which will be carried by a carrier of
19  freight by water, on vessels berthed at piers, on piers or at other
20  waterfront terminals.
21    "State Treasurer" means the Treasurer of the State of New
22  Jersey.
23    "Terrorist group" means a group associated, affiliated, or funded
24  in whole or in part by a terrorist organization designated by the
25  United States Secretary of State in accordance with section 219 of
26  the federal Immigration and Nationality Act, as amended from time
27  to time, or any other organization which assists, funds, or engages
28  in crimes or acts of terrorism as defined in the laws of the United
29  States, or of this State.
30    "Transfer date" means the 90th day following the notification by
31  the Governor pursuant to section 2 of P.L.    , c.    (C.        )
32  (pending before the Legislature as this bill).
33    "Waterborne freight" means freight carried by or consigned for
34  carriage by carriers of freight by water, and shall also include
35  freight described in the definition of "stevedore" and in the
36  definition of "other waterfront terminal."  Provided, however, that
37  at the point at which the freight is released from a pier or marine
38  terminal to the possession of the consignee or the person designated
39  by the consignee, the freight shall no longer be considered
40  waterborne freight if:
41    a.   the freight is not further transported by water; and
42    b.   services involving or incidental to the unloading, storage,
43  inspection, grading, repackaging, or processing of freight occur at a
44  location outside a pier or marine terminal.
45    "Witness" means any person whose testimony is desired in any
46  investigation, interview, or other proceeding conducted by the
47  division   under   the   authority   granted   pursuant   to
48  P.L.    , c.    (C.        ) (pending before the Legislature as this bill).

S3502 SWEENEY, SARLO

8

1     4. (New section)   a.   Until the transfer date established
2    pursuant to section 31 of P.L.    , c.   (C.       ) (pending before the
3    Legislature as this bill) shall have become operative, the division
4    shall not exercise any powers, rights, or duties conferred by
5    P.L.    , c.   (C.       ) (pending before the Legislature as this bill)
6    or by any other law in any way which will interfere with the
7    powers, rights, and duties of the commission.  The division and the
8    commission are directed to cooperate with each other after the date
9    of notification pursuant to section 2 of P.L.     , c.     (C.         )
10    (pending before the Legislature as this bill) until the transfer date,
11    and the commission shall make available to the division all
12    information concerning its property and assets, contracts,
13    operations, and finances within New Jersey as the division may
14    require to provide for the efficient exercise by the division of all
15    powers, rights, and duties conferred upon the division by P.L.    , c.
16    (C.       ) (pending before the Legislature as this bill).
17     b.  After the transfer date established pursuant to section 31 of
18    P.L.    , c.   (C.       ) (pending before the Legislature as this bill):
19    (1)  The division shall assume all of the powers, rights, assets,
20    and duties of the commission within this State, and those powers,
21    rights, assets, and duties shall then and thereafter be vested in and
22    exercised by the division;
23    (2)  The officers having custody of the funds of the commission
24    applicable to this State shall deliver those funds into the custody of
25    the State Treasurer, the property and assets of the commission
26    within this State shall, without further act or deed, become the
27    property and assets of the division; and
28    (3)  Any officers and employees of the commission seeking to be
29    transferred to the division may apply to become employees of the
30    division until determined otherwise by the division.  Nothing in
31    P.L.    , c.   (C.       ) (pending before the Legislature as this bill)
32    shall be construed to deprive any officers or employees of the
33    commission of their rights, privileges, obligations, or status with
34    respect to any pension or retirement system.  The commission
35    employees shall retain all of their rights and benefits under existing
36    collective negotiation agreements or contracts until such time as
37    new or revised agreements or contracts are agreed to.  All existing
38    employee representatives shall be retained to act on behalf of those
39    employees until such time as the employees shall, pursuant to law,
40    elect to change those representatives.  If an existing officer or
41    employee becomes a member of an administered retirement system
42    of the State of New Jersey, the officer or employee shall receive the
43    same amount of service credit in the retirement system as the
44    officer or employee previously had in the pension or retirement
45    system as an employee of the commission, provided that there is a
46    transfer of funds, or purchase, of the full cost of that credit from the
47    pension or retirement system of the commission to an administered
48    retirement system of the State of New Jersey.  Nothing in P.L.    , c.

(C. ) (pending before the Legislature as this bill) shall affect the civil service status, if any, of those officers or employees;

(4) All debts, liabilities, obligations, and contracts of the commission applicable only to this State, as determined by the officers having custody of the funds of the commission, except to the extent specifically provided for or established to the contrary in P.L. , c. (C. ) (pending before the Legislature as this bill), are imposed upon the division, and all creditors of the commission and persons having claims against or contracts with the commission of any kind or character may enforce those debts, claims, and contracts against the division as successor to the commission in the same manner as they might have done against the commission, and the rights and remedies of those holders, creditors, and persons having claims against or contracts with the commission shall not be limited or restricted in any manner by P.L. , c. (C. ) (pending before the Legislature as this bill);

(5) In continuing the functions, contracts, obligations, and duties of the commission within this State, the division is authorized to act in its own name as may be convenient or advisable under the circumstances from time to time;

(6) Any references to the commission in any other law or regulation shall then and thereafter be deemed to refer and apply to the division;

(7) All rules and regulations of the commission shall continue in effect as the rules and regulations of the division until amended, supplemented, or rescinded by the division pursuant to the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.). Regulations of the commission inconsistent with the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill) or of regulations of the division shall be deemed void;

(8) All operations of the commission within this State shall continue as operations of the division until altered by the division as provided or permitted pursuant to P.L. , c. (C. ) (pending before the Legislature as this bill); and

(9) The powers vested in the division by P.L. , c. (C. ) (pending before the Legislature as this bill) shall be construed as being in addition to, and not in diminution of, the powers heretofore vested by law in the commission to the extent not otherwise altered or provided for in P.L. , c. (C. ) (pending before the Legislature as this bill).

c. A license, registration, or permit issued by the commission prior to the date of notification pursuant to section 2 of P.L. , c. (C. ) (pending before the Legislature as this bill) shall, subject to the terms of its issuance, continue to be valid on and after the transfer date as a license, registration, or permit issued by the division. An application for a license, registration, or permit filed with the commission prior to and pending on that notification date

**S3502** SWEENEY, SARLO
10

1    shall, as of and from the notification date, be deemed to be filed
2    with and pending before the division.
3
4       5.  (New section) In addition to the powers and duties elsewhere
5    prescribed in law, the division shall have the power:
6       a.  To determine the location, size, and suitability of
7    accommodations necessary and desirable for the establishment and
8    maintenance of the employment information centers provided in
9    section 16 of P.L.    , c.    (C.        ) (pending before the Legislature
10   as this bill) and for administrative offices for the division;
11      b.  To administer and enforce the provisions of
12   P.L.    , c.    (C.        ) (pending before the Legislature as this bill);
13      c.  Consistent with the provisions of the "Administrative
14   Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), to adopt and
15   enforce rules and regulations as the division may deem necessary to
16   effectuate the purposes of P.L.    , c.    (C.        ) (pending before the
17   Legislature as this bill) or to prevent the circumvention or evasion
18   thereof;
19      d.  By its members and its properly designated officers, agents,
20   and employees, with respect to the implementation and enforcement
21   of P.L.    , c.    (C.        ) (pending before the Legislature as this
22   bill), to administer oaths and issue subpoenas to compel the
23   attendance of witnesses and the giving of testimony and the
24   production of other evidence;
25      e.  To have for its properly designated officers, agents and
26   employees, full and free access, ingress, and egress to and from all
27   vessels, piers, and other waterfront terminals or other places in the
28   port of New York district within this State, for the purposes of
29   making inspection or enforcing the provisions of
30   P.L.    , c.    (C.        ) (pending before the Legislature as this bill);
31   and no person shall obstruct or in any way interfere with any
32   officer, employee, or agent of the division in the making of an
33   inspection, or in the enforcement of the provisions of P.L.    , c.
34   (C.        ) (pending before the Legislature as this bill) or in the
35   performance of any other power or duty under P.L.    , c.    (C.      )
36   (pending before the Legislature as this bill);
37      f.  To recover possession of any suspended or revoked license
38   issued pursuant to sections 6, 7, and 13 of P.L.    , c.    (C.      )
39   (pending before the Legislature as this bill) within the port of New
40   York district in this State;
41      g.  To make investigations and collect and compile information
42   concerning waterfront practices generally within the port of New
43   York district in this State and upon all matters relating to the
44   accomplishment of the objectives of P.L.    , c.    (C.        ) (pending
45   before the Legislature as this bill);
46      h.  To advise and consult with representatives of labor and
47   industry and with public officials and agencies concerned with the
48   effectuation of the purposes of P.L.    , c.    (C.        ) (pending

1 before the Legislature as this bill), upon all matters which the
2 division may desire, including but not limited to, the form and
3 substance of rules and regulations, the administration of the
4 provisions of P.L.   , c.   (C.      ) (pending before the Legislature
5 as this bill), maintenance of the longshoremen's register, and
6 issuance and revocation of licenses;
7    i.  To make annual and other reports to the Governor and,
8 pursuant to section 2 of P.L.1991, c.164 (C.52:14-19.1), to the
9 Legislature containing recommendations for the improvement of the
10 conditions of waterfront labor within the port of New York district
11 in this State and for the effectuation of the purposes of P.L.   , c.
12 (C.      ) (pending before the Legislature as this bill).  The annual
13 reports shall state the division's findings and determinations as to
14 whether the public necessity still exists for: (1) the continued
15 registration of longshoremen; (2) the continued licensing of any
16 occupation or employment required to be licensed hereunder; and
17 (3) the continued public operation of the employment information
18 centers provided for in section 16 of P.L.   , c.   (C.      ) (pending
19 before the Legislature as this bill);
20    j.  To co-operate with and receive from any department,
21 division, bureau, board, commission, authority, or agency of this
22 State, or of any county or municipality thereof, any assistance and
23 data as will enable the division to properly to carry out its powers
24 and duties hereunder; and to request a department, division, bureau,
25 board, commission, authority, or agency, with the consent thereof,
26 to execute the division's functions and powers, as the public interest
27 may require; and
28    k.  To exercise the powers and duties of the division as
29 provided in P.L.   , c.   (C.      ) (pending before the Legislature as
30 this bill) to its officers, employees, and agents designated by the
31 division;
32    l.  To issue temporary permits and permit temporary
33 registrations under such terms and conditions as the division may
34 prescribe which shall be valid for a period to be fixed by the
35 division not in excess of six months;
36    m.  To require any applicant for a license or registration or any
37 prospective licensee to furnish facts and evidence as the division
38 may deem appropriate to enable it to ascertain whether the license
39 or registration should be granted;
40    n.  In any case in which the division has the power to revoke,
41 cancel or suspend any license, the division shall also have the
42 power to impose as an alternative to that revocation, cancellation, or
43 suspension, a penalty, which the licensee may elect to pay the
44 division in lieu of the revocation, cancellation, or suspension.  The
45 maximum penalty shall be $5,000 for each separate offense.  The
46 division may, for good cause shown, abate all or part of the penalty;

**S3502** SWEENEY, SARLO
12

1     o.  To designate any officer, agent, or employee of the division
2  to be an investigator who shall be vested with all the powers of a
3  peace or police officer of the State of New Jersey;
4     p.  To confer immunity, in the following manner prescribed by
5  section 20 of P.L.  , c.  (C.  ) (pending before the Legislature
6  as this bill);
7     q.  To require any applicant or renewal applicant for registration
8  as a longshoreman, any applicant or renewal applicant for
9  registration as a checker, or any applicant or renewal applicant for
10  registration as a telecommunications system controller and any
11  person who is sponsored for a license as a pier superintendent or
12  hiring agent, any person who is an individual owner of an applicant
13  or renewal applicant stevedore, or any persons who are individual
14  partners of an applicant or renewal applicant stevedore, or any
15  officers, directors, or stockholders owning five percent or more of
16  any of the stock of an applicant or renewal applicant corporate
17  stevedore or any applicant or renewal applicant for a license as a
18  port watchman or any other category of applicant or renewal
19  applicant for registration or licensing within the division's
20  jurisdiction to be fingerprinted by the division at the cost and
21  expense of the applicant or renewal applicant;
22     r.  To exchange fingerprint data with and receive criminal
23  history record information from the Federal Bureau of Investigation
24  and the State Bureau of Identification for use in making the
25  determinations required by this section; and
26     s.  Notwithstanding any other provision of law, rule, or
27  regulation to the contrary, to require any applicant for employment
28  or employee of the division engaged in the implementation or
29  enforcement of P.L.  , c.  (C.  ) (pending before the
30  Legislature as this bill) to be fingerprinted at the cost and expense
31  of the applicant or employee and to exchange fingerprint data with
32  and receive criminal history record information from the Federal
33  Bureau of Investigation and the State Bureau of Identification for
34  use in the hiring or retention of those persons.
35
36     6.  (New section) a.  A person shall not act as a pier
37  superintendent or as a hiring agent within the port of New York
38  district in this State without first having obtained from the division
39  a license to act as a pier superintendent or hiring agent, as the case
40  may be, and a person shall not employ or engage another person to
41  act as a pier superintendent or hiring agent who is not so licensed.
42     b.  A license to act as a pier superintendent or hiring agent shall
43  be issued only upon the written application, under oath, of the
44  person proposing to employ or engage another person to act as a
45  pier superintendent or hiring agent, verified by the prospective
46  licensee as to the matters concerning the prospective licensee, and
47  shall state the following:
48     (1)  The full name and business address of the applicant;

1    (2)  The full name, residence, business address, if any, place and
2    date of birth, and social security number of the prospective licensee;
3    (3)  The present and previous occupations of the prospective
4    licensee, including the places where the person was employed and
5    the names of the person's employers;
6    (4)  Any further facts and evidence as may be required by the
7    division to ascertain the character, integrity, and identity of the
8    prospective licensee; and
9    (5)  That if a license is issued to the prospective licensee, the
10    applicant will employ the licensee as pier superintendent or hiring
11    agent, as the case may be.
12    c.  A license shall not be granted pursuant to this section:
13    (1)  Unless the division shall be satisfied that the prospective
14    licensee possesses good character and integrity;
15    (2)  If the prospective licensee has, without subsequent pardon,
16    been convicted by a court of the United States, or any State or
17    territory thereof, of the commission of, or the attempt or conspiracy
18    to commit, treason, murder, manslaughter, or any of the following
19    offenses: illegally using, carrying, or possessing a pistol or other
20    dangerous weapon; making or possessing burglar's instruments;
21    buying or receiving stolen property; unlawful entry of a building;
22    aiding an escape from prison; unlawfully possessing, possessing
23    with intent to distribute, sale, or distribution of a controlled
24    dangerous substance or a controlled dangerous substance analog; or
25    a violation prescribed in subsection g. of this section.  Any
26    prospective licensee ineligible for a license by reason of any
27    conviction under this paragraph may submit satisfactory evidence to
28    the division that the prospective licensee has for a period of not less
29    than five years, measured as hereinafter provided, and up to the
30    time of application, so acted as to warrant the grant of a license, in
31    which event the division may, in its discretion, issue an order
32    removing that ineligibility.  The five-year period shall be measured
33    either from the date of payment of any fine imposed upon that
34    person or the suspension of sentence or from the date of the
35    person's unrevoked release from custody by parole, commutation,
36    or termination of sentence; and
37    (3)  If the prospective licensee knowingly or willfully advocates
38    the desirability of overthrowing or destroying the government of the
39    United States by force or violence or shall be a member of a group
40    which advocates that desirability, knowing the purposes of a group
41    having that advocacy.
42    d.  When the application shall have been examined and further
43    inquiry and investigation made as the division shall deem proper
44    and when the division shall be satisfied therefrom that the
45    prospective licensee possesses the qualifications and requirements
46    prescribed in this section, the division shall issue and deliver to the
47    prospective licensee a license to act as pier superintendent or hiring
48    agent for the applicant, as the case may be, and shall inform the

1  applicant of this action.  The division may issue a temporary permit
2  to any prospective licensee for a license issued under this section
3  pending final action on an application made for that license.  Any
4  temporary permit shall be valid for a period not in excess of 30
5  days.

6      e.  A person shall not be licensed to act as a pier superintendent
7  or hiring agent for more than one employer, except at a single pier
8  or other waterfront terminal, but nothing in P.L.    , c.   (C.        )
9  (pending before the Legislature as this bill) shall be construed to
10  limit in any way the number of pier superintendents or hiring agents
11  any employer may employ.

12      f.  A license granted pursuant to this section shall continue
13  through the duration of the licensee's employment by the employer
14  who shall have applied for the license.

15      g.  Any license issued pursuant to this section may be revoked
16  or suspended for a period as the division deems in the public
17  interest or the licensee thereunder may be reprimanded for any of
18  the following offenses:

19      (1)  Conviction of a crime or act by the licensee or other cause
20  which would require or permit the person's disqualification from
21  receiving a license upon original application;

22      (2)  Fraud, deceit, or misrepresentation in securing the license, or
23  in the conduct of the licensed activity;

24      (3)  Violation of any of the provisions of P.L.    , c.   (C.        )
25  (pending before the Legislature as this bill);

26      (4)  Unlawfully possessing, possessing with intent to distribute,
27  sale, or distribution of a controlled dangerous substance or a
28  controlled dangerous substance analog;

29      (5)  Employing, hiring, or procuring any person in violation of
30  P.L.    , c.   (C.        ) (pending before the Legislature as this bill) or
31  inducing or otherwise aiding or abetting any person to violate the
32  terms of P.L.    , c.   (C.        ) (pending before the Legislature as
33  this bill);

34      (6)  Paying, giving, causing to be paid or given or offering to pay
35  or give to any person any valuable consideration to induce the other
36  person to violate any provision of P.L.    , c.   (C.        ) (pending
37  before the Legislature as this bill) or to induce any public officer,
38  agent, or employee to fail to perform the person's duty hereunder;

39      (7)  Consorting with known criminals for an unlawful purpose;

40      (8)  Transfer or surrender of possession of the license to any
41  person either temporarily or permanently without satisfactory
42  explanation;

43      (9)  False impersonation of another licensee under P.L.    , c.
44  (C.        ) (pending before the Legislature as this bill);

45      (10) Receipt or solicitation of anything of value from any person
46  other than the licensee's employer as consideration for the selection
47  or retention for employment of any longshoreman;

1    (11) Coercion of a longshoreman by threat of discrimination or
2    violence or economic reprisal, to make purchases from or to utilize
3    the services of any person;

4    (12) Lending any money to or borrowing any money from a
5    longshoreman for which there is a charge of interest or other
6    consideration; or

7    (13) Membership in a labor organization which represents
8    longshoremen or port watchmen; but nothing in this section shall be
9    deemed to prohibit pier superintendents or hiring agents from being
10    represented by a labor organization or organizations which do not
11    also represent longshoremen or port watchmen.  The American
12    Federation of Labor, the Congress of Industrial Organizations and
13    any other similar federation, congress, or other organization of
14    national   or   international   occupational   or   industrial   labor
15    organizations shall not be considered an organization which
16    represents longshoremen or port watchmen within the meaning of
17    this section although one of the federated or constituent labor
18    organizations thereof may represent longshoremen or port
19    watchmen.

20

21    7.  (New section)  a.  A person shall not act as a stevedore
22    within the port of New York district in this State without having
23    first obtained a license from the division, and a person shall not
24    employ a stevedore to perform services as such within the port of
25    New York district unless the stevedore is so licensed.

26    b.  Any person intending to act as a stevedore within the port of
27    New York district shall file in the office of the division a written
28    application for a license to engage in that occupation, duly signed,
29    and verified as follows:

30    c.  If the applicant is a natural person, the application shall be
31    signed and verified by that person and if the applicant is a
32    partnership, the application shall be signed and verified by each
33    natural person composing or intending to compose that partnership.
34    The application shall state the full name, age, residence, business
35    address, if any, present and previous occupations of each natural
36    person so signing the application, and any other facts and evidence
37    as may be required by the division to ascertain the character,
38    integrity, and identity of each natural person signing the
39    application.

40    d.  If the applicant is a corporation, the application shall be
41    signed and verified by the president, secretary, and treasurer
42    thereof, and shall specify the name of the corporation, the date and
43    place of its incorporation, the location of its principal place of
44    business, the names and addresses of, and the amount of the stock
45    held by stockholders owning five percent or more of any of the
46    stock thereof, and of all officers, including all members of the board
47    of directors. The requirements of subsection a. of this section as to
48    a natural person who is a member of a partnership, and the

**S3502** SWEENEY, SARLO
16

1  requirements as may be specified in rules and regulations
2  promulgated by the division pursuant to the "Administrative
3  Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), shall apply to
4  each above-named officer or stockholder and their successors in
5  office or interest, as the case may be.
6      In the event of the death, resignation, or removal of any officer,
7  and in the event of any change in the list of stockholders who shall
8  own five percent or more of the stock of the corporation, the
9  secretary of the corporation shall forthwith give notice of that fact
10  in writing to the division, certified by the secretary.
11      e.  A license shall not be granted:
12      (1) If any person whose signature or name appears in the
13  application is not the real party in interest, required by subsection d.
14  of this section, to sign or to be identified in the application or if the
15  person so signing or named in the application is an undisclosed
16  agent or trustee for any real party in interest;
17      (2) Unless the division shall be satisfied that the applicant and
18  all members, officers, and stockholders required by subsection d. of
19  this section to sign or be identified in the application for license
20  possess good character and integrity;
21      (3) Unless the applicant is either a natural person, partnership,
22  or corporation;
23      (4) Unless the applicant shall be a party to a contract then in
24  force or which will take effect upon the issuance of a license, with a
25  carrier of freight by water for the loading and unloading by the
26  applicant of one or more vessels of such carrier at a pier within the
27  port of New York district;
28      (5) If the applicant or any member, officer, or stockholder
29  required by subsection d. of this section to sign or be identified in
30  the application for license has, without subsequent pardon, been
31  convicted by a court of the United States or any State or territory
32  thereof of the commission of, or the attempt or conspiracy to
33  commit, treason, murder, manslaughter, or any of the offenses
34  described in subsection h. of this section.  Any applicant ineligible
35  for a license by reason of any of those convictions may submit
36  satisfactory evidence to the division that the person whose
37  conviction was the basis of ineligibility has for a period of not less
38  than five years, measured as hereinafter provided and up to the time
39  of application, so acted as to warrant the grant of that license, in
40  which event the division may, in its discretion issue an order
41  removing that ineligibility.  The aforesaid period of five years shall
42  be measured either from the date of payment of any fine imposed
43  upon that person or the suspension of sentence or from the date of
44  the person's unrevoked release from custody by parole,
45  commutation, or termination of sentence;
46      (6) If the applicant has paid, given, caused to have been paid or
47  given, or offered to pay or give to any officer or employee of any
48  carrier of freight by water any valuable consideration for an

1   improper or unlawful purpose or to induce that person to procure
2   the employment of the applicant by the carrier for the performance
3   of stevedoring services; or
4     (7) If the applicant has paid, given, caused to be paid or given,
5   or offered to pay or give to any officer or representative of a labor
6   organization any valuable consideration for an improper or unlawful
7   purpose or to induce the officer or representative to subordinate the
8   interests of the labor organization or its members in the
9   management of the affairs of the labor organization to the interests
10   of the applicant.
11     f. When the application shall have been examined and further
12   inquiry and investigation made as the division shall deem proper
13   and when the division shall be satisfied therefrom that the applicant
14   possesses the qualifications and requirements prescribed in this
15   section, the division shall issue and deliver a license to that
16   applicant. The division may issue a temporary permit to any
17   applicant for a license under the provisions of this section pending
18   final action on an application made for a license. A temporary
19   permit shall be valid for a period not in excess of 30 days.
20     g. A stevedore's license shall be for a term of five years or
21   fraction of that five-year period, and shall expire on the first day of
22   December. In the event of the death of the licensee, if a natural
23   person, or its termination or dissolution by reason of the death of a
24   partner, if a partnership, or if the licensee shall cease to be a party
25   to any contract of the type prescribed by paragraph (4) of
26   subsection e. of section 7 of P.L.    , c.   (C.      ) (pending before
27   the Legislature as this bill), the license shall terminate 90 days after
28   that event or upon its expiration date, whichever shall be sooner. A
29   license may be renewed by the division for successive five-year
30   periods upon fulfilling the same requirements as are established in
31   this section for an original application for a stevedore's license.
32     h. Any license issued pursuant to this section may be revoked
33   or suspended for a period as the division deems in the public
34   interest or the licensee thereunder may be reprimanded for any of
35   the following offenses on the part of the licensee or of any person
36   required by this section to sign or be identified in an original
37   application for a license:
38     (1) Conviction of a crime or other cause which would permit or
39   require disqualification of the licensee from receiving a license
40   upon original application;
41     (2) Fraud, deceit, or misrepresentation in securing the license or
42   in the conduct of the licensed activity;
43     (3) Failure by the licensee to maintain a complete set of books
44   and records containing a true and accurate account of the licensee's
45   receipts and disbursements arising out of the licensee's activities
46   within the port of New York district in this State;
47     (4) Failure to keep its books and records available during
48   business hours for inspection by the division and its duly designated

1   representatives until the expiration of the fifth calendar year
2   following the calendar year during which occurred the transactions
3   recorded therein; or
4     (5) Any other offense described in this section.
5     i.  In addition to the grounds elsewhere established in P.L.   , c.
6   (C.      ) (pending before the Legislature as this bill), the division
7   shall not grant an application for a license as stevedore if the
8   applicant has paid, given, caused to have been paid or given, or
9   offered to pay or give to any agent of any carrier of freight by water
10   any valuable consideration for an improper or unlawful purpose or,
11   without the knowledge and consent of the carrier, to induce the
12   agent to procure the employment of the applicant by the carrier or
13   its agent for the performance of stevedoring services.
14
15     8. (New section) a. The division shall establish a
16   longshoremen's register in which shall be included all qualified
17   longshoremen eligible, as hereinafter provided, for employment as
18   longshoremen in the port of New York district in this State.  A
19   person shall not act as a longshoreman within the port of New York
20   district in this State unless at the time the person is included in the
21   longshoremen's register, and a person shall not employ another to
22   work as a longshoreman within the port of New York district in this
23   State unless at the time the other person is included in the
24   longshoremen's register.
25     b. Any person applying for inclusion in the longshoremen's
26   register shall file at a place and in a manner as the division shall
27   designate a written statement, signed, and verified by the applicant,
28   setting forth the applicant's full name, residence address, social
29   security number, and any further facts and evidence as the division
30   may prescribe to establish the identity of that person and the
31   person's criminal record, if any.
32     c. The division may in its discretion deny application for
33   inclusion in the longshoremen's register by a person:
34     (1) Who has been convicted by a court of the United States or
35   any State or territory thereof, without subsequent pardon, of
36   treason, murder, manslaughter, or of any of the offenses described
37   in subsection g. of section 6 of P.L.   , c.   (C.      ) (pending
38   before the Legislature as this bill) or of attempt or conspiracy to
39   commit any of those crimes;
40     (2) Who knowingly or willingly advocates the desirability of
41   overthrowing or destroying the government of the United States by
42   force or violence or who shall be a member of a group which
43   advocates that desirability knowing the purposes of the group
44   advocating that desirability; or
45     (3) Whose presence at the piers or other waterfront terminals in
46   the port of New York district in this State is found by the division,
47   on the basis of the facts and evidence before it, to constitute a
48   danger to the public peace or safety.

1    d.  Unless the division shall determine to exclude the applicant
2    from the longshoremen's register for violation of the offenses
3    described in subsection g. of section 6 of P.L.   , c.  (C.      )
4    (pending before the Legislature as this bill), it shall include that
5    person in the longshoremen's register.  The division may permit
6    temporary registration of any applicant under the provisions of this
7    section pending final action on an application made for temporary
8    registration.  Any temporary registration shall be valid for a period
9    not in excess of 30 days.
10    e.  The division shall have power to reprimand any
11    longshoreman registered under this section or to remove the person
12    from the longshoremen's register for a period of time as it deems in
13    the public interest for any of the following offenses:
14    (1)  Conviction of a crime or other cause which would permit
15    disqualification of a person from inclusion in the longshoremen's
16    register upon original application;
17    (2)  Fraud, deceit, or misrepresentation in securing inclusion in
18    the longshoremen's register;
19    (3)  Transfer or surrender of possession to any person either
20    temporarily or permanently of any card or other means of
21    identification issued by the authority as evidence of inclusion in the
22    longshoremen's register, without satisfactory explanation;
23    (4)  False impersonation of another longshoreman registered
24    under this section or of another person licensed pursuant to
25    P.L.   , c.  (C.    ) (pending before the Legislature as this bill);
26    (5)  Willful commission of or willful attempt to commit at or on
27    a waterfront terminal or adjacent highway any act of physical injury
28    to any other person or of willful damage to or misappropriation of
29    any other person's property, unless justified or excused by law; and
30    (6)  Any other offense described in subsection g. of section 6 of
31    P.L.   , c.  (C.    ) (pending before the Legislature as this bill).
32    f.  Whenever, as a result of amendments to P.L.    , c.
33    (C.    ) (pending before the Legislature as this bill) or of a ruling
34    by the division, registration as a longshoreman is required for any
35    person to continue in employment, that person shall be registered as
36    a longshoreman; provided, however, that the person satisfies all the
37    other requirements of P.L.   , c.  (C.    ) (pending before the
38    Legislature as this bill) for registration as a longshoreman.
39    g.  The division shall have the right to recover possession of
40    any card or other means of identification issued as evidence of
41    inclusion in the longshoremen's register in the event that the holder
42    thereof has been removed from the longshoremen's register.
43    h.  Nothing contained in P.L.   , c.  (C.    ) (pending before
44    the Legislature as this bill) shall be construed to limit in any way
45    any labor rights reserved by P.L.   , c.  (C.    ) (pending before
46    the Legislature as this bill).

1    9.  (New section)  a.  The division shall, at regular intervals,
2  remove from the longshoremen's register any person who shall have
3  been registered for at least nine months and who shall have failed
4  during the preceding six calendar months either to have worked as a
5  longshoreman in the port of New York district in this State or to
6  have applied for employment as a longshoreman at an employment
7  information   center   established   under   section   16   of
8  P.L.  , c.  (C.      ) (pending before the Legislature as this bill)
9  for the minimum number of days as shall have been established by
10  the division pursuant to subsection b. of this section.
11    b.  On or before the first day of June following the date on
12  which P.L.  , c.  (C.      ) (pending before the Legislature as this
13  bill) becomes operative, and on or before each succeeding first day
14  of June or December, the division shall, for the purposes of
15  P.L.  , c.  (C.      ) (pending before the Legislature as this bill),
16  establish for the six-month period beginning on each date a
17  minimum number of days and the distribution of the days during
18  that period.
19    c.  In establishing any minimum number of days or period, the
20  division shall consult with the collective bargaining representatives
21  of stevedores and other employers of longshoremen in the port of
22  New York district and with labor organizations representing
23  longshoremen in the district.
24    d.  A longshoreman who has been removed from the
25  longshoremen's register pursuant to subsection e. of section 8 of
26  P.L.  , c.  (C.      ) (pending before the Legislature as this bill)
27  may seek reinstatement upon fulfilling the same requirements as for
28  initial inclusion in the longshoremen's register, but not before the
29  expiration of one year from the date of removal, except that
30  immediate reinstatement shall be made upon proper showing that
31  the registrant's failure to work or apply for work for the minimum
32  number of days, described in subsection c. of this section, was
33  caused by the fact that the registrant was engaged in the military
34  service of the United States or was incapacitated by ill health,
35  physical injury, or other good cause.
36    e.  Notwithstanding any other provision of P.L.  , c.  (C.   )
37  (pending before the Legislature as this bill), the division shall at any
38  time have the power to register longshoremen on a temporary basis
39  to meet special or emergency needs.
40
41    10. (New section)  Notwithstanding any other provisions of
42  P.L.  , c.  (C.      ) (pending before the Legislature as this bill),
43  the division shall have the power to remove from the
44  longshoremen's register any person, including a person registered as
45  longshoremen for less than nine months, who shall have failed to
46  have worked as a longshoreman in the port of New York district in
47  this State for a minimum number of days during a period of time as
48  shall have been established by the division.  In administering this

1   section, the division, in its discretion, may count applications for
2   employment as a longshoreman at an employment information
3   center established pursuant to section 16 of P.L.   , c.   (C.   )
4   (pending before the Legislature as this bill) as constituting actual
5   work as a longshoreman, provided, however, that the division shall
6   count as actual work the compensation received by any
7   longshoreman pursuant to the guaranteed wage provisions of any
8   collective bargaining agreement relating to longshoremen. Prior to
9   the commencement of any period of time established by the division
10   pursuant to this section, the division shall establish for that period
11   the minimum number of days of work required and the distribution
12   of days during that period and shall also determine whether or not
13   application for employment as a longshoreman shall be counted as
14   constituting actual work as a longshoreman. The division may
15   classify longshoremen according to length of service as a
16   longshoreman and develop other criteria as may be reasonable and
17   necessary to carry out the provisions of P.L.   , c.   (C.   )
18   (pending before the Legislature as this bill). The division shall
19   have the power to vary the requirements of this section with respect
20   to their application to the various classifications of longshoremen.
21   In administering this section, the division shall observe the
22   standards set forth in section 2 of P.L.1966, c.18 (C.32:23-114), as
23   that section shall have been amended through the enactment of
24   P.L.1999, c.206. Nothing in this section shall be construed to
25   modify, limit, or restrict in any way any of the rights protected by
26   section 23 of P.L.   , c.   (C.   ) (pending before the Legislature
27   as this bill).
28
29     11. (New section) a. The division shall establish within the
30   longshoremen's register a list of all qualified longshoremen eligible,
31   as hereinafter provided, for employment as checkers in the port of
32   New York district in this State. A person shall not act as a checker
33   within the port of New York district in this State unless at the time
34   the person is included in the longshoremen's register as a checker,
35   and a person shall not employ another to work as a checker within
36   the port of New York district in this State unless at the time such
37   other person is included in the longshoremen's register as a checker.
38     b. Any person applying for inclusion in the longshoremen's
39   register as a checker shall file at a place and in a manner as the
40   division shall designate a written statement, signed, and verified by
41   the applicant, setting forth the following:
42     (1) The full name, residence, place and date of birth, and social
43   security number of the applicant;
44     (2) The present and previous occupations of the applicant,
45   including the places where the applicant was employed and the
46   names of the applicant's employers; and

1     (3) Any further facts and evidence as may be required by the
2 authority to ascertain the character, integrity, and identity of the
3 applicant.
4     c. A person shall not be included in the longshoremen's register
5 as a checker:
6     (1) Unless the division shall be satisfied that the applicant
7 possesses good character and integrity;
8     (2) If the applicant has, without subsequent pardon, been
9 convicted by a court of the United States or any State or territory
10 thereof, of the authority of, or the attempt or conspiracy to commit
11 treason, murder, manslaughter, or any of the following offenses:
12 illegally using, carrying or possessing a pistol or other dangerous
13 weapon; making or possessing burglar's instruments; buying or
14 receiving stolen property; unlawful entry of a building; aiding an
15 escape from prison; unlawfully possessing, possessing with intent to
16 distribute, sale or distribution of a controlled dangerous substance
17 or a controlled dangerous substance analog; petty larceny, where
18 the evidence shows the property was stolen from a vessel, pier or
19 other waterfront terminal; or a violation of P.L.   , c.   (C.   )
20 (pending before the Legislature as this bill). An applicant ineligible
21 for inclusion in the longshoremen's register as a checker by reason
22 of a conviction may submit satisfactory evidence to the division that
23 the applicant has for a period of not less than five years, measured
24 as hereinafter provided, and up to the time of application, so acted
25 as to warrant inclusion in the longshoremen's register as a checker,
26 in which event the division may, in its discretion, issue an order
27 removing the applicant's ineligibility. The five-year period shall be
28 measured either from the date of payment of any fine imposed upon
29 that person or the suspension of sentence or from the date of the
30 person's unrevoked release from custody by parole, commutation,
31 or termination of sentence; or
32     (3) If the applicant knowingly or willfully advocates the
33 desirability of overthrowing or destroying the government of the
34 United States by force or violence or shall be a member of a group
35 which advocates that desirability, knowing the purposes of the
36 group advocating that desirability.
37     d. When the application shall have been examined and further
38 inquiry and investigation made as the division shall deem proper
39 and when the division shall be satisfied therefrom that the applicant
40 possesses the qualifications and requirements prescribed by this
41 section, the division shall include the applicant in the
42 longshoremen's register as a checker. The division may permit
43 temporary registration as a checker to any applicant under this
44 section pending final action on an application made for temporary
45 registration, under the terms and conditions as the division may
46 prescribe, which shall be valid for a period to be fixed by the
47 division, not in excess of six months.

1     e.  The division shall have power to reprimand any checker
2 registered under this section or to remove the person from the
3 longshoremen's register as a checker for a period of time as the
4 division deems in the public interest for any of the following
5 offenses:
6     (1) Conviction of a crime or other cause which would permit
7 disqualification of the person from inclusion in the longshoremen's
8 register as a checker upon original application;
9     (2) Fraud, deceit, or misrepresentation in securing inclusion in
10 the longshoremen's register as a checker or in the conduct of the
11 registered activity;
12     (3) Violation of any of the provisions of P.L.   , c.   (C.     )
13 (pending before the Legislature as this bill);
14     (4) Unlawfully possessing, possessing with intent to distribute,
15 sale, or distribution of a controlled dangerous substance or a
16 controlled dangerous substance analog;
17     (5) Inducing or otherwise aiding or abetting any person to
18 violate the terms of P.L.   , c.   (C.     ) (pending before the
19 Legislature as this bill);
20     (6) Paying, giving, causing to be paid or given, or offering to
21 pay or give to any person any valuable consideration to induce the
22 other person to violate any provision of P.L.   , c.   (C.     )
23 (pending before the Legislature as this bill) or to induce any public
24 officer, agent, or employee to fail to perform the person's duty
25 under P.L.   , c.   (C.     ) (pending before the Legislature as this
26 bill);
27     (7) Consorting with known criminals for an unlawful purpose;
28     (8) Transfer or surrender of possession to any person either
29 temporarily or permanently of any card or other means of
30 identification issued by the division as evidence of inclusion in the
31 longshoremen's register without satisfactory explanation; or
32     (9) False impersonation of another longshoreman or of another
33 person licensed under P.L.   , c.   (C.     ) (pending before the
34 Legislature as this bill).
35     f.  The division shall have the right to recover possession of
36 any card or other means of identification issued as evidence of
37 inclusion in the longshoremen's register as a checker in the event
38 that the holder thereof has been removed from the longshoremen's
39 register as a checker.
40     g.  Nothing contained in this section shall be construed to limit
41 in any way any rights of labor reserved by section 23 of P.L.   , c.
42 (C.     ) (pending before the Legislature as this bill).
43
44     12. (New section)  The division shall accept applications for
45 inclusion in the longshoremen's register upon:
46     a.  the joint recommendation in writing of stevedores and other
47 employers of longshoremen in the port of New York district in this
48 State, acting through their representative for the purposes of

1 collective bargaining with a labor organization representing the
2 longshoremen in the district, and that labor organization; or

3   b.   the petition in writing of a stevedore or other employer of
4 longshoremen in the port of New York district in this State which
5 does not have a representative for the purposes of collective
6 bargaining with a labor organization representing those
7 longshoremen.

8

9   13. (New section) a.  A person shall not act as a port watchman
10 within the port of New York district in this State without first
11 having obtained a license from the division, and a person shall not
12 employ a port watchman who is not so licensed.

13   b.  A license to act as a port watchman shall be issued only
14 upon written application, duly verified, which shall state the
15 following:

16   (1)  The full name, residence, business address, if any, place, and
17 date of birth, and social security number of the applicant;

18   (2)  The present and previous occupations of the applicant,
19 including the places where the applicant was employed and the
20 names of the applicant's employers;

21   (3)  The citizenship of the applicant and, if the person is a
22 naturalized citizen of the United States, the court and date of
23 naturalization; and

24   (4)  Any further facts and evidence as may be required by the
25 division to ascertain the character, integrity, and identity of the
26 applicant.

27   c.  A port watchman license shall not be granted:

28   (1)  Unless the division shall be satisfied that the applicant
29 possesses good character and integrity;

30   (2)  If the applicant has, without subsequent pardon, been
31 convicted by a court of the United States or of any State or territory
32 thereof of the authority of, or the attempt or conspiracy to commit,
33 treason, murder, manslaughter or any of the offenses described in
34 subsection g. of section 6 of P.L.    , c.   (C.        ) (pending before
35 the Legislature as this bill);

36   (3)  Unless the applicant shall meet reasonable standards of
37 physical and mental fitness for the discharge of a port watchman's
38 duties as may from time to time be established by the division;

39   (4)  If the applicant shall be a member of any labor organization
40 which represents longshoremen or pier superintendents or hiring
41 agents; but nothing in P.L.    , c.   (C.        ) (pending before the
42 Legislature as this bill) shall be deemed to prohibit port watchmen
43 from being represented by a labor organization or organizations
44 which do not also represent longshoremen or pier superintendents
45 or hiring agents.  The American Federation of Labor, the Congress
46 of Industrial Organizations (AFL-CIO) and any other similar
47 federation, congress, or other organization of national or
48 international occupational or industrial labor organizations shall not

1  be considered a labor organization which represents longshoremen
2  or pier superintendents or hiring agents within the meaning of this
3  section although one of the federated or constituent labor
4  organizations thereof may represent longshoremen or pier
5  superintendents or hiring agents;
6     (5) If the applicant knowingly or willfully advocates the
7  desirability of overthrowing or destroying the government of the
8  United States by force or violence or shall be a member of a group
9  which advocates that desirability, knowing the purposes of the
10  group's advocacy.
11     d.  When the application shall have been examined and further
12  inquiry and investigation made as the division shall deem proper
13  and when the authority shall be satisfied therefrom that the
14  applicant possesses the qualifications and requirements prescribed
15  in this section and regulations issued pursuant thereto, the division
16  shall issue and deliver a license to the applicant.  The division may
17  issue a temporary permit to any applicant for a license under the
18  provisions of this section pending final action on an application
19  made for that license.  Any temporary permit shall be valid for a
20  period not in excess of 30 days.
21     e.  A license granted pursuant to this section shall continue for a
22  term of three years.  A license may be renewed by the division for
23  successive three-year periods upon fulfilling the same requirements
24  established in this section for an original application.
25     f.  Notwithstanding any provision of this section, a license to
26  act as a port watchman shall continue indefinitely and need not be
27  renewed, provided that the licensee shall, as required by the
28  division:
29     (1) Submit to a medical examination and meet the physical and
30  mental fitness standards may be established by the division;
31     (2) Complete a refresher course of training; and
32     (3) Submit supplementary personal history information.
33     g.  Any license issued pursuant to this section may be revoked
34  or suspended for a period as the division deems in the public
35  interest or the licensee thereunder may be reprimanded for any of
36  the following offenses:
37     (1) Conviction of a crime or other cause which would permit or
38  require the holder's disqualification from receiving a license upon
39  original application;
40     (2) Fraud, deceit, or misrepresentation in securing the license;
41  and
42     (3) Any other offense described in subsection g. of section 6 of
43  P.L.    , c.    (C.        ) (pending before the Legislature as this bill).
44     h.  The division shall, at regular intervals, cancel the license or
45  temporary permit of a port watchman who has failed during the
46  preceding 12 months to work as a port watchman in the port of New
47  York district in this State a minimum number of hours as
48  established by the division, except that the division shall

1    immediately restore the license or temporary permit upon a proper
2    showing that the failure to so work was caused by the fact that the
3    licensee or permit holder was engaged in the military service of the
4    United States or was incapacitated by ill health, physical injury, or
5    other good cause.

6       i.  Any port watchman ineligible for a license by reason
7    pursuant to this section may petition for and the division may issue
8    an order removing the ineligibility.  A petition for an order to
9    remove an ineligibility may be made to the division before or after
10   the hearing required by section 14 of P.L.  , c.  (C.    ) (pending
11   before the Legislature as this bill).

12

13     14. (New section)  a.   The division shall not deny any
14   application for a license or registration without giving the applicant
15   or prospective licensee reasonable prior notice and an opportunity
16   to be heard at a hearing conducted by the division.

17     b.  Any application for a license or for inclusion in the
18   longshoremen's register, and any license issued or registration
19   made, may be denied, revoked, cancelled, or suspended as the case
20   may be, only in the manner prescribed in this section.

21     c.  The division may on its own initiative or on complaint of
22   any person, including any public official or agency, institute
23   proceedings to revoke, cancel, or suspend any license or registration
24   after a hearing at which the licensee or registrant and any person
25   making a complaint shall be given an opportunity to be heard,
26   provided that any order of the division revoking, cancelling, or
27   suspending any license or registration shall not become effective
28   until 15 days subsequent to the serving of notice thereof upon the
29   licensee or registrant unless in the opinion of the division the
30   continuance of the license or registration for that period would be
31   inimical to the public peace or safety.  The hearing shall be held in
32   a manner and upon notice as may be prescribed by the rules of the
33   division, but the notice shall be of not less than 10 days and shall
34   state the nature of the complaint.

35     d.  Pending the determination of a hearing pursuant to this
36   section, the division may temporarily suspend a license or
37   registration if, in the opinion of the division, the continuance of the
38   license or registration for that 15-day period, pursuant to subsection
39   c. of this section, is inimical to the public peace or safety.

40     e.  The division, or a member, officer, employee, or agent of the
41   division as may be designated by the division for such purpose,
42   shall have the power to issue subpoenas to compel the attendance of
43   witnesses and the giving of testimony or production of other
44   evidence and to administer oaths in connection with a hearing.  It
45   shall be the duty of the division or of any member, officer,
46   employee, or agent of the division designated by the division for
47   that purpose to issue subpoenas at the request of and upon behalf of
48   the licensee, registrant, or applicant.  The person conducting the

1 hearing on behalf of the division shall not be bound by common law
2 or statutory rules of evidence or by technical or formal rules of
3 procedure in conducting the hearing.

4  f. Upon the conclusion of the hearing, the division shall take
5 action upon the findings and determination as the division deems
6 proper and shall execute an order carrying its findings into effect.
7 The action in the case of an application for a license or registration
8 shall be the granting or denial thereof.  The action in the case of a
9 licensee shall be revocation of the license or suspension thereof for
10 a fixed period or reprimand or a dismissal of the charges.  The
11 action in the case of a registered longshoreman shall be dismissal of
12 the charges, reprimand, or removal from the longshoremen's
13 register for a fixed period or permanently.

14  g. The action of the division, in denying any application for a
15 license or in refusing to include any person in the longshoremen's
16 register established pursuant to section 8 of P.L.    , c.    (C.        )
17 (pending before the Legislature as this bill), or in suspending or
18 revoking a license or removing any person from the longshoremen's
19 register or in reprimanding a licensee, or registrant, shall be subject
20 to judicial review by a proceeding instituted in this State at the
21 instance of the applicant, licensee, or registrant in the manner
22 provided by State law for review of the final decision or action of
23 an administrative agency of the State; provided, however, that
24 notwithstanding any other provision of law, the court shall have
25 power to stay for not more than 30 days an order of the division
26 suspending or revoking a license or removing a longshoreman from
27 the longshoremen's register.

28

29  15.  (New section)  a.  At hearings conducted by the division,
30 pursuant to section 14 of P.L.    , c.    (C.        ) (pending before the
31 Legislature as this bill), applicants, prospective licensees, licensees,
32 and registrants shall have the right to be accompanied and
33 represented by counsel.

34  b.  After the conclusion of a hearing but prior to the making of
35 an order by the division, a hearing may, upon petition and in the
36 discretion of the hearing officer, be reopened for the presentation of
37 additional evidence.  A petition to reopen the hearing shall state in
38 detail the nature of the additional evidence, together with the
39 reasons for the failure to submit such evidence prior to the
40 conclusion of the hearing.  The division may upon its own motion
41 and upon reasonable notice reopen a hearing for the presentation of
42 additional evidence.  Upon petition, after the making of an order of
43 the division, rehearing may be granted in the discretion of the
44 division.  A petition for rehearing shall state in detail the grounds
45 upon which the petition is based and shall separately set forth each
46 error of law and fact alleged to have been made by the division in
47 its determination, together with the facts and arguments in support
48 thereof.  The petition shall be filed with the division not later than

1   30 days after service of the division's order, unless the division for
2   good cause shown shall otherwise direct.  The division may upon its
3   own motion grant a rehearing after the making of an order.
4
5     16.  (New section)  a.  The division is hereby designated on its
6   own behalf or as agent of the State of New Jersey, as provided by
7   the act of Congress of the United States, effective June 6, 1933,
8   entitled "An act to provide for the establishment of a national
9   employment system and for co-operation with the states in the
10   promotion of such system and for other purposes," as amended, for
11   the purpose of obtaining the benefits of that act of Congress as are
12   necessary or appropriate to the establishment and operation of
13   employment information centers authorized by this section.
14     b.  The division shall have all powers necessary to take steps to
15   formulate plans and to execute projects related to the establishment
16   and operation of employment information centers, as may be
17   necessary to obtain any benefits for the operation of employment
18   information centers in accomplishing the purposes of P.L.    , c.
19   (C.    ) (pending before the Legislature as this bill).
20     c.  Any officer or agency designated by this State, pursuant to
21   the act of June 6, 1933, as amended, is authorized and empowered,
22   upon the request of the division and subject to its direction, to
23   exercise the powers and duties conferred upon the division by the
24   provisions of this section.
25     d.  The division shall establish and maintain one or more
26   employment information centers within the port of New York
27   district in this State at locations as the division may determine.  A
28   person shall not, directly or indirectly, hire any person for work as a
29   longshoreman or port watchman within the port of New York
30   district in this State, except through an employment information
31   center as may be prescribed by the division.  A person shall not
32   accept any employment as a longshoreman or port watchman within
33   the port of New York district in this State, except through an
34   employment information center.  At each employment information
35   center, the division shall keep and exhibit the longshoremen's
36   register and any other records the division shall determine to the
37   end that longshoremen and port watchmen shall have the maximum
38   information as to available employment at any time within the port
39   of New York district in this State and that employers shall have an
40   adequate opportunity to fill their requirements of registered
41   longshoremen and port watchmen at all times.
42     e.  Every employer of longshoremen or port watchmen within
43   the port of New York district in this State shall furnish information
44   as may be required by the rules and regulations prescribed by the
45   division with regard to the name of each person hired as a
46   longshoreman or port watchman, the time and place of hiring, the
47   time, place, and hours of work, and the compensation therefor.

**S3502** SWEENEY, SARLO
29

1    17. (New section)  a.  The division may designate one of the
2    employment information centers it is authorized to establish and
3    maintain under section 16 of P.L.    , c.   (C.      ) (pending before
4    the Legislature as this bill) for the implementation of a
5    telecommunications hiring system through which longshoremen and
6    checkers may be hired and accept employment without any personal
7    appearance at the center.  The telecommunications hiring system
8    shall incorporate hiring and seniority agreements between the
9    employers of longshoremen and checkers and the labor
10   organizations representing longshoremen and checkers in the port of
11   New York district in this State, provided the agreements are not in
12   conflict with the provisions of P.L.    , c.   (C.      ) (pending
13   before the Legislature as this bill).
14   b.  The division shall permit employees of the management
15   organizations representing employers of longshoremen and
16   checkers in the port of New York district in this State, and of the
17   labor organizations representing longshoremen and checkers in the
18   port of New York district in this State, or of a joint board of these
19   management and labor organizations, to participate in the operation
20   of the telecommunications hiring system, if these employees are
21   registered by the division as "telecommunications system
22   controllers," with respect to the registration of checkers.  A person
23   shall not act as a "telecommunications system controller" unless
24   that person is registered.  An application for registration and a
25   registration made or issued may be denied, revoked, cancelled, or
26   suspended, as the case may be, only in the manner prescribed in
27   section 11 of P.L.    , c.   (C.      ) (pending before the Legislature
28   as this bill).   Participation in the operation of the
29   telecommunications hiring system shall be monitored by the
30   division.
31   c.  The records, documents, tapes, discs, and other data
32   compiled, collected or maintained by a management organization, a
33   labor organization, and a joint board of these management and labor
34   organizations pertaining to the telecommunications hiring system
35   shall be available for inspection, investigation, and duplication by
36   the division.
37
38   18. (New section)   In addition to the grounds elsewhere
39   established in P.L.    , c.   (C.      ) (pending before the Legislature
40   as this bill), the division may deny an application for a license or
41   registration for any of the following:
42   a.  Conviction by a court of the United States or any State or
43   territory thereof of coercion;
44   b.  Conviction by a court described in subsection a. of this
45   section, after having been previously convicted by that court of any
46   crime or of the offenses hereinafter set forth, or any of the
47   following offenses:  assault, malicious injury to property, malicious

1    mischief, unlawful taking of a motor vehicle, corruption of
2    employees or possession of illegal betting number slips;
3       c.  Fraud, deceit or misrepresentation in connection with any
4    application or petition submitted to, or any interview, hearing or
5    proceeding conducted by the division or commission;
6       d.  Violation of any provision of P.L.  , c.  (C.     ) (pending
7    before the Legislature as this bill) or commission of any offense
8    thereunder;
9       e.  Refusal on the part of any applicant, or prospective licensee,
10   or of any member, officer or stockholder required by section 7 of
11   P.L.  , c.  (C.     ) (pending before the Legislature as this bill)
12   to sign or be identified in an application for a stevedore license, to
13   answer any material question or produce any material evidence in
14   connection with the person's application or any application made on
15   the person's behalf for a license or registration pursuant to section 7
16   of P.L.  , c.  (C.     ) (pending before the Legislature as this
17   bill);
18      f.  Association with a person who has been identified by a
19   federal, State, or local law enforcement agency as a member or
20   associate of an organized crime group, a terrorist group, or a career
21   offender cartel, or who is a career offender, under circumstances
22   where that association creates a reasonable belief that the
23   participation of the applicant in any activity required to be licensed
24   or registered under P.L.  , c.  (C.     ) (pending before the
25   Legislature as this bill) would be inimical to the purposes of
26   P.L.  , c.  (C.     ) (pending before the Legislature as this bill);
27   or
28      g.  Conviction of a racketeering activity or knowing association
29   with a person who has been convicted of a racketeering activity by
30   a court of the United States, or any State or territory thereof under
31   circumstances where that association creates a reasonable belief that
32   the participation of the applicant in any activity required to be
33   licensed or registered under P.L.  , c.  (C.     ) (pending before
34   the Legislature as this bill) would be inimical to the purposes of
35   P.L.  , c.  (C.     ) (pending before the Legislature as this bill).
36
37     19.  (New section)  In addition to the grounds elsewhere set
38   forth in P.L.  , c.  (C.     ) (pending before the Legislature as
39   this bill), any license or registration issued or made pursuant thereto
40   may be revoked or suspended for a period as the division deems in
41   the public interest or the licensee or registrant may be reprimanded,
42   for:
43      a.  Conviction of any crime or offense in relation to illegal
44   gambling, bookmaking, or similar crimes or offenses if the crime or
45   offense was committed at or on a pier or other waterfront terminal
46   or within 500 feet thereof;
47      b.  Willful authority of, or willful attempt to commit at or on a
48   waterfront terminal or adjacent highway, any act of physical injury

**S3502** SWEENEY, SARLO
31

1    to any other person or of willful damage to or misappropriation of
2    any other person's property, unless justified or excused by law;

3       c.   Receipt or solicitation of anything of value from any person
4    other than a licensee's or registrant's employer as consideration for
5    the selection or retention for employment of a licensee or registrant;

6       d.   Coercion of a licensee or registrant by threat of
7    discrimination or violence or economic reprisal, to make purchases
8    from or to utilize the services of any person;

9       e.   Refusal to answer any material question or produce any
10    evidence lawfully required to be answered or produced at any
11    investigation, interview, hearing, or other proceeding conducted by
12    the division pursuant to section 14 of P.L.   , c.   (C.     )
13    (pending before the Legislature as this bill), or, if the refusal is
14    accompanied by a valid plea of privilege against self-incrimination,
15    refusal to obey an order to answer the question or produce any
16    evidence made by the division pursuant to section 14 of P.L.   , c.
17    (C.     ) (pending before the Legislature as this bill); or

18       f.   Association with a person who has been identified by a
19    federal, State, or local law enforcement agency as a member or
20    associate of an organized crime group, a terrorist group, or a career
21    offender cartel, or who is a career offender, under circumstances
22    where that association creates a reasonable belief that the
23    participation of the licensee or registrant in any activity required to
24    be licensed or registered under P.L.   , c.   (C.     ) (pending
25    before the Legislature as this bill) would be inimical to the purposes
26    of P.L.   , c.   (C.     ) (pending before the Legislature as this
27    bill); or

28       g.   Conviction of a racketeering activity or knowing association
29    with a person who has been convicted of a racketeering activity by
30    a court of the United States, or any State, or territory thereof under
31    circumstances where that association creates a reasonable belief that
32    the participation of the licensee or registrant in any activity required
33    to be licensed or registered under P.L.   , c.   (C.     ) (pending
34    before the Legislature as this bill) would be inimical to the purposes
35    of P.L.   , c.   (C.     ) (pending before the Legislature as this
36    bill).

37

38      20.  (New section)  a.  In any investigation, interview, or other
39    proceeding conducted under oath by the division or any duly
40    authorized officer, employee, or agent thereof, if a person refuses to
41    answer a question or produce evidence of any other kind on the
42    ground that the person may be incriminated thereby, and
43    notwithstanding the refusal, an order is made upon 24 hours' prior
44    written notice to the Attorney General of the State of New Jersey,
45    and to the appropriate district attorney or prosecutor having an
46    official interest therein, by the Superintendent of the division or the
47    superintendent's designee, that the person answer the question or
48    produce the evidence, the person shall comply with the order.  If the

1   person complies with the order, and if, but for this section, would
2   have been privileged to withhold the answer given or the evidence
3   produced by the person, then immunity shall be conferred upon the
4   person, as provided for herein.  Immunity shall not be conferred
5   upon any person except in accordance with the provisions of this
6   section.  If, after compliance with the provisions of this section, a
7   person is ordered to answer a question or produce evidence of any
8   other kind and complies with the order, and it is thereafter
9   determined that the Attorney General or appropriate district
10  attorney or prosecutor having an official interest therein was not
11  notified, that failure or neglect shall not deprive that person of any
12  immunity otherwise properly conferred upon the person.  But the
13  person may nevertheless be prosecuted or subjected to penalty or
14  forfeiture for any perjury or contempt committed in answering, or
15  failing to answer, or in producing or failing to produce evidence, in
16  accordance with the order, and any answer given or evidence
17  produced shall be admissible against the person upon any criminal
18  proceeding concerning such perjury or contempt.
19      b.  If a person, in obedience to a subpoena directing the person
20  to attend and testify, is in this State or comes into this State from
21  the State of New York, the person shall not, while in this State
22  pursuant to such subpoena, be subject to arrest or the service of
23  process, civil or criminal, in connection with matters which arose
24  before the person's entrance into this State under the subpoena.
25
26      21.  (New section)  a.  The division may temporarily suspend a
27  temporary permit or a permanent license or a temporary or
28  permanent registration issued pursuant to the provisions of P.L.    ,
29  c.   (C.        ) (pending before the Legislature as this bill) until
30  further order of the division or final disposition of the underlying
31  case, only where the permittee, licensee, or registrant has been
32  indicted for, or otherwise charged with, a crime which is equivalent
33  to a crime of the third, second, or first degree in this State or only
34  where the permittee or licensee is a port watchman who is charged
35  by the division pursuant to section 13 of P.L.    , c.   (C.        )
36  (pending before the Legislature as this bill) with misappropriating
37  any other person's property at or on a pier or other waterfront
38  terminal.
39      b.  In the case of a permittee, licensee, or registrant who has
40  been indicted for, or otherwise charged with, a crime, the temporary
41  suspension shall terminate immediately upon acquittal or upon
42  dismissal of the criminal charge.  A person whose permit, license,
43  or registration has been temporarily suspended may, at any time,
44  demand that the division conduct a hearing as provided for in
45  section 14 of P.L.    , c.   (C.        ) (pending before the Legislature
46  as this bill).  Within 60 days of the demand, the division shall
47  commence the hearing and, within 30 days of receipt of the
48  administrative law judge's report and recommendation, the division

**S3502** SWEENEY, SARLO
33

1    shall render a final determination thereon; provided, however, that
2    these time requirements, shall not apply for any period of delay
3    caused or requested by the permittee, licensee, or registrant. Upon
4    failure of the division to commence a hearing or render a
5    determination within the time limits prescribed herein, the
6    temporary suspension of the permittee, licensee, or registrant shall
7    immediately terminate.  Notwithstanding any other provision of this
8    subsection, if a federal, State, or local law enforcement agency or
9    prosecutor's office shall request the suspension or deferment of any
10    hearing on the ground that the hearing would obstruct or prejudice
11    an investigation or prosecution, the division may in its discretion,
12    postpone or defer the hearing for a time certain or indefinitely.  Any
13    action by the division to postpone a hearing shall be subject to
14    immediate judicial review as provided in subsection b. of this
15    section.
16       c.  The division may, within its discretion, bar any permittee,
17    licensee, or registrant who has been suspended pursuant to the
18    provisions of subsection a. of this section, from any employment by
19    a licensed stevedore or a carrier of freight by water, if that
20    individual has been indicted or otherwise charged in any federal,
21    State, or territorial proceeding with any crime involving the
22    possession with intent to distribute, sale, or distribution of a
23    controlled dangerous substance or controlled dangerous substance
24    analog, racketeering, or theft from a pier or waterfront terminal.
25
26       22.  (New section)  The division is authorized to co-operate with
27    the commission, a similar authority, or other public entity of the
28    State of New York, to exchange information on any matter pertinent
29    to the purposes of P.L.    , c.   (C.     ) (pending before the
30    Legislature as this bill), and to enter into reciprocal agreements for
31    the accomplishment of those purposes, including, but not limited to,
32    the following objectives:
33       a.  To provide for the reciprocal recognition of any license
34    issued or registration made by the commission;
35       b.  To give reciprocal effect to any revocation, suspension, or
36    reprimand with respect to any licensee, and any reprimand or
37    removal from a longshoremen's register;
38       c.  To provide that any act or omission by a licensee or
39    registrant in either State which would be a basis for disciplinary
40    action against the licensee or registrant if it occurred in the state in
41    which the license was issued or the person registered shall be the
42    basis for disciplinary action in either state; and
43       d.  To provide that longshoremen registered in either state, who
44    perform work or who apply for work at an employment information
45    center within the other State shall be deemed to have performed
46    work or to have applied for work in the State in which they are
47    registered.

1    23. (New section) a. The provisions of P.L.  , c.  (C.       )
2    (pending before the Legislature as this bill) are not designed and
3    shall not be construed to limit in any way any rights granted or
4    derived from any other statute or any rule of law for employees to
5    organize in labor organizations, to bargain collectively and to act in
6    any other way individually, collectively, and through labor
7    organizations or other representatives of their own choosing.
8    Without limiting the generality of the foregoing, nothing contained
9    in P.L.  , c.  (C.       ) (pending before the Legislature as this bill)
10   shall be construed to limit in any way the right of employees to
11   strike.
12      b.  The provisions of P.L.  , c.  (C.       ) (pending before the
13   Legislature as this bill) are not designed and shall not be construed
14   to limit in any way any rights of longshoremen, hiring agents, pier
15   superintendents, or port watchmen or their employers to bargain
16   collectively and agree upon any method for the selection of those
17   employees by way of seniority, experience, regular gangs, or
18   otherwise; provided, that those employees shall be licensed or
19   registered hereunder and longshoremen and port watchmen shall be
20   hired only through the employment information centers established
21   hereunder and that all other provisions of P.L.  , c.  (C.       )
22   (pending before the Legislature as this bill) be observed.
23
24      24. (New section) a.  Any officer or employee in the State,
25   county, or municipal civil service in either State who shall transfer
26   to service with the division may be given one or more leaves of
27   absence without pay and may, before the expiration of the leave or
28   leaves of absence, and without further examination or qualification,
29   return to the person's former position or be certified by the
30   appropriate civil service agency for retransfer to a comparable
31   position in the State, county, or municipal civil service if a
32   comparable position is then available.
33      b.  The division may, by agreement with any federal agency
34   from which any officer or employee may transfer to service with the
35   division to undertake any of the duties or responsibilities
36   established pursuant to P.L.  , c.  (C.       ) (pending before the
37   Legislature as this bill), make similar provision for the retransfer of
38   the officer or employee to that federal agency.
39      c.  Notwithstanding the provisions of any other law, rule, or
40   regulation, any officer or employee in the State, county, or
41   municipal service in either State who shall transfer to service with
42   the division and who is a member of any existing State, county, or
43   municipal pension or retirement system in New Jersey or New
44   York, shall continue to have all rights, privileges, obligations, and
45   status with respect to that fund, system, or systems as if the person
46   had continued in State, county, or municipal office or employment,
47   but during the period of service as a member, officer, or employee
48   of the division, all contributions to any pension or retirement fund

S3502 SWEENEY, SARLO
35

1   or system to be paid by the employer on account of the member,
2   officer, or employee, shall be paid by the State Treasurer.  The
3   division may, by agreement with the appropriate federal agency,
4   make similar provisions relating to continuance of retirement
5   system membership for any federal officer or employee so
6   transferred.
7
8       25.  (New section)   a.   The division shall annually adopt a
9   budget of its expenses for each year for the purposes of its duties
10  and responsibilities under P.L.    , c.   (C.        ) (pending before the
11  Legislature as this bill).  Each budget shall be submitted to the
12  Governor and the budget shall be adjusted accordingly.
13      b.   After taking into account funds as may be available to the
14  division from reserves, federal grants or otherwise, the balance of
15  the division's budgeted expenses for the performance of its
16  functions and duties under P.L.    , c.   (C.        ) (pending before
17  the Legislature as this bill) shall be assessed upon employers of
18  persons registered or licensed pursuant to P.L.    , c.   (C.        )
19  (pending before the Legislature as this bill).  Each employer shall
20  pay to the State Treasurer, for placement within the General Fund,
21  an assessment computed upon the gross payroll payments made by
22  that employer to longshoremen, pier superintendents, hiring agents,
23  and port watchmen for work or labor performed within the port of
24  New York district in this State, at a rate, not in excess of two
25  percent, computed by the division in the following manner: the
26  division shall annually estimate the gross payroll payments to be
27  made by employers subject to assessment and shall compute a rate
28  thereon which will yield revenues sufficient to finance the division's
29  budget for the performance of those functions and duties under
30  P.L.    , c.   (C.        ) (pending before the Legislature as this bill)
31  for each year.  That budget may include a reasonable amount for a
32  reserve, but the amount shall not exceed 10 percent of the total of
33  all other items of expenditure contained therein.  The reserve shall
34  be used for the stabilization of annual assessments, the payment of
35  operating deficits, and for the repayment of advances made by the
36  State, if any.
37      c.   The amount required to balance the division's budgeted
38  expenses for the performance of its functions and duties under
39  P.L.    , c.   (C.        ) (pending before the Legislature as this bill),
40  in excess of the estimated yield of the maximum assessment, shall
41  be certified by the division, with the approval of the Governor, in
42  proportion to the gross annual wage payments made to
43  longshoremen for work within the port of New York district in this
44  State.  The Legislature shall annually appropriate to the division the
45  amount so certified.
46      d.   The division may provide by regulation for the collection
47  and auditing of assessments.  In addition to any other sanction
48  provided by law, the division may revoke or suspend any license

1 held by any person under P.L. , c. (C. ) (pending before the
2 Legislature as this bill), or the person's privilege of employing
3 persons registered or licensed hereunder, for non-payment of any
4 assessment when due.

5   e.  The assessment hereunder shall be in lieu of any other
6 charge for the issuance of licenses to stevedores, pier
7 superintendents, hiring agents, and port watchmen or for the
8 registration of longshoremen or use of an employment information
9 center.  The division shall establish reasonable procedures for the
10 consideration of protests by affected employees concerning the
11 estimates and computation of the rate of assessment.

12

13   26.  (New section) a.  (1) Every person subject to the payment
14 of any assessment under the provisions of section 25 of P.L. , c.
15 (C. ) (pending before the Legislature as this bill) shall file on or
16 before the 15th day of the first month of each calendar quarter-year
17 a separate return, together with the payment of the assessment due,
18 for the preceding calendar quarter-year during which any payroll
19 payments were made to longshoremen, pier superintendents, hiring
20 agents, or port watchmen for work performed by those employees
21 within the port of New York district in this State.  Returns covering
22 the amount of assessment payable shall be filed with the division on
23 forms to be furnished for that purpose and shall contain data,
24 information, or matter as the division may require to be included
25 therein.  The division may grant a reasonable extension of time for
26 filing returns, or for the payment of assessment, whenever good
27 cause exists. Every return shall have annexed thereto a certification
28 to the effect that the statements contained therein are true.

29   (2) Every person subject to the payment of assessment
30 hereunder shall keep an accurate record of that person's
31 employment of longshoremen, pier superintendents, hiring agents,
32 or port watchmen, which shall show the amount of compensation
33 paid and other information as the division may require.  Those
34 records shall be preserved for a period of three years and be open
35 for inspection at reasonable times.  The division may consent to the
36 destruction of the records at any time after that period or may
37 require that they be kept longer, but not in excess of six years.

38   (3) (a) The division shall audit and determine the amount of
39 assessment due from the return filed and such other information as
40 is available to it.  Whenever a deficiency in payment of the
41 assessment is determined, the division shall give notice of the
42 determination to the person liable therefor.  The determination shall
43 finally and conclusively fix the amount due, unless the person
44 against whom the assessment is assessed shall, within 30 days after
45 the giving of notice of the determination, apply in writing to the
46 division for a hearing, or unless the division on its own motion shall
47 reduce the assessment.  After the hearing, the division shall give
48 notice of its decision to the person liable therefor.  A determination

S3502 SWEENEY, SARLO
37

1    of the division under this section shall be subject to judicial review,
2    if application for that review is made within 30 days after the giving
3    of notice of the decision. Any determination under this section
4    shall be made within five years from the time the return was filed
5    and if no return was filed, the determination may be made at any
6    time.
7    (b) Any notice authorized or required under this section may be
8    given by mailing the notice to the person for whom it is intended at
9    the last address that the person shall have given to the division, or
10    in the last return filed with the division under this section, or, if a
11    return has not been filed, then to an address as may be obtainable.
12    The mailing of the notice shall be presumptive evidence of the
13    receipt of it by the person to whom the notice is addressed. Any
14    period of time, which is determined for the giving of notice shall
15    commence to run from the date of mailing of the notice.
16    (4) Whenever any person shall fail to pay, within the time
17    limited herein, any assessment which the person is required to pay
18    to the division under the provisions of this section, the division may
19    enforce payment of the assessment by civil action for the amount of
20    the assessment with interest and penalties.
21    (5) The employment by a nonresident of a longshoreman, or a
22    licensed pier superintendent, hiring agent, or port watchman in this
23    State or the designation by a nonresident of a longshoreman, pier
24    superintendent, hiring agent, or port watchman to perform work in
25    this State shall be deemed equivalent to an appointment by the
26    nonresident of the Secretary of State to be the nonresident's true
27    and lawful attorney upon whom may be served the process in any
28    action or proceeding against the nonresident growing out of any
29    liability for assessments, penalties, or interest, and a consent that
30    any process against the nonresident which is served shall be of the
31    same legal force and validity as if served personally within the State
32    and within the territorial jurisdiction of the court from which the
33    process issues. Service of process within the State shall be made by
34    either:
35    (a) personally delivering to and leaving with the Secretary of
36    State duplicate copies thereof at the office of the Department of
37    State, in which event the Secretary of State shall forthwith send by
38    registered mail one of the copies to the person at the last address
39    designated by the person to the division for any purpose under this
40    section or in the last return filed by the person under this section
41    with the division or as shown on the records of the division, or if no
42    return has been filed, at the person's last known office address
43    within or outside of the State; or
44    (b) personally delivering to and leaving with the Secretary of
45    State a copy thereof at the office of the Department of State and by
46    delivering a copy thereof to the person, personally outside of the
47    State. Proof of personal service outside of the State shall be filed
48    with the clerk of the court in which the process is pending within 30

1   days after that service and the service shall be deemed complete 10
2   days after proof thereof is filed.

3     (6) Whenever the division shall determine that any monies
4   received as assessments were paid in error, it may cause the same to
5   be refunded, provided an application therefor is filed with the
6   division within two years from the time the erroneous payment was
7   made.

8     (7) In addition to any other powers authorized hereunder, the
9   division shall have power to make reasonable rules and regulations,
10  pursuant to the provisions of the "Administrative Procedure Act,"
11  P.L.1968, c.410 (C.52:14B-1 et seq.), to effectuate the purposes of
12  this section.

13    (8) Any person who shall willfully fail to pay any assessment
14  due hereunder shall be assessed interest at a rate of one percent per
15  month on the amount due and unpaid and penalties of five percent
16  of the amount due for each 30 days or part thereof that the
17  assessment remains unpaid.  The division may, for good cause
18  shown, abate all or part of that penalty.

19    (9) Any person who shall willfully furnish false or fraudulent
20  information or shall willfully fail to furnish pertinent information,
21  as required, with respect to the amount of assessment due, shall be
22  guilty of a disorderly persons offense.

23    (10) All funds of the division received as payment of any
24  assessment or penalty under this section shall be deposited with the
25  State Treasurer.  The State Treasurer may require that all deposits
26  be secured by obligations of the United States or of the State of
27  New Jersey of a market value equal at all times to the amount of the
28  deposits, and all banks and trust companies are authorized to give
29  security for the deposits.

30    (11) The accounts, books, and records of the division related to
31  the purposes established pursuant to P.L.    , c.   (C.        ) (pending
32  before the Legislature as this bill), including its receipts,
33  disbursements, contracts, leases, investments, and any other matters
34  relating to its financial standing shall be examined and audited
35  annually by independent auditors to be retained for such purpose by
36  the division.

37    b.   The division shall reimburse the State Treasurer for any
38  funds advanced to the division exclusive of sums appropriated
39  pursuant to section 25 of P.L.    , c.   (C.      ) (pending before the
40  Legislature as this bill).

41

42    27.  (New section)  It shall be unlawful for any person to load or
43  unload waterborne freight onto or from vehicles other than railroad
44  cars at piers or at other waterfront terminals within the port of New
45  York district, for a fee or other compensation, other than the
46  following persons and their employees:

47    a.   Carriers of freight by water, but only at piers at which their
48  vessels are berthed;

1     b. Other carriers of freight, including but not limited to,
2  railroads and truckers, but only in connection with freight
3  transported or to be transported by those other carriers;
4     c. Operators of piers or other waterfront terminals, including
5  railroads, truck terminal operators, warehousemen and other
6  persons, but only at piers or other waterfront terminals operated by
7  them;
8     d. Shippers or consignees of freight, but only in connection
9  with freight shipped by the shipper or consigned to the consignee;
10  and
11     e. Stevedores licensed under section 7 of P.L.  , c.  (C.    )
12  (pending before the Legislature as this bill), whether or not
13  waterborne freight has been or is to be transported by a carrier of
14  freight by water with which the stevedore shall have a contract of
15  the type prescribed by paragraph (4) of subsection e. of this section.
16    Nothing herein contained shall be deemed to permit any loading
17  or unloading of any waterborne freight at any place by any person
18  by means of any independent contractor, or any other agent other
19  than an employee, unless the independent contractor is a person
20  permitted by section 7 of P.L.  , c.  (C.    ) (pending before the
21  Legislature as this bill) to load or unload freight at a place in the
22  person's own right.
23
24    28. (New section)  a.  A person shall not solicit, collect, or
25  receive any dues, assessments, levies, fines, or contributions, or
26  other charges within the State of New Jersey for or on behalf of any
27  labor organization, which represents employees registered or
28  licensed pursuant to the provisions of P.L.  , c.  (C.    )
29  (pending before the Legislature as this bill) in their capacities as
30  registered or licensed employees or which derives its charter from a
31  labor organization representing 100 or more of its registered or
32  licensed employees, if any officer, agent, or employee of the labor
33  organization for which dues, assessments, levies, fines, or
34  contributions, or other charges are solicited, collected, or received,
35  or of a welfare fund or trust administered partially or entirely by the
36  labor organization or by trustees or other persons designated by the
37  labor organization, has been convicted by a court of the United
38  States, or any State or territory thereof, of treason, murder,
39  manslaughter, or any felony, crime involving moral turpitude, or
40  any crime or offense enumerated subsection g. of section 6 of
41  P.L.  , c.  (C.    ) (pending before the Legislature as this bill),
42  unless that person has been subsequently pardoned therefor by the
43  Governor or other appropriate authority of the State in which the
44  conviction was had or has received a certificate of good conduct or
45  other relief from disabilities arising from the fact of conviction
46  from a parole board or similar authority.
47     b. Any person who shall violate this section shall be guilty of a
48  petty disorderly persons offense.

1  c.  Any person who shall violate, aid and abet the violation, or
2  conspire or attempt to violate this subsection shall be guilty of a
3  petty disorderly persons offense.
4  d.  If upon application to the division by an employee who has
5  been convicted of a crime or offense specified in subsection b. of
6  this section, the authority, in its discretion, determines in an order
7  that it would not be contrary to the purposes and objectives of
8  P.L.   , c.   (C.      ) (pending before the Legislature as this bill)
9  for that employee to work in a particular employment for a labor
10  organization, welfare fund, or trust, the provisions of subsection b.
11  of this section shall not apply to the particular employment of the
12  employee with respect to that conviction or convictions as are
13  specified in the division's order.  This subsection is applicable only
14  to those employees, who for wages or salary, perform manual,
15  mechanical, or physical work of a routine or clerical nature at the
16  premises of the labor organization, welfare fund, or trust by which
17  they are employed.
18  e.  A person who has been convicted of a crime or offense
19  specified in subsection b. of this section shall not directly or
20  indirectly serve as an officer, agent, or employee of a labor
21  organization, welfare fund, or trust, unless the person has been
22  subsequently pardoned for that crime or offense by the Governor or
23  other appropriate authority of the State in which the conviction was
24  had or has received a certificate of good conduct or other relief
25  from disabilities arising from the fact of conviction from a parole
26  board or similar authority or has received an order of exception
27  from the division.  A person, including a labor organization, welfare
28  fund, or trust, shall not knowingly permit any other person to
29  assume or hold any office, agency, or employment in violation of
30  this section.
31  f.  The division may maintain a civil action against any person,
32  labor organization, welfare fund, or trust, or officers thereof to
33  compel compliance with this section, or to prevent any violations,
34  the aiding and abetting thereof, or any attempt or conspiracy to
35  violate this section, either by mandamus, injunction, or action or
36  proceeding in lieu of prerogative writ and upon a proper showing a
37  temporary restraining order or other appropriate temporary order
38  shall be granted ex parte and without bond pending final hearing
39  and determination.  Nothing in this subsection shall be construed to
40  modify, limit, or restrict in any way the provisions of subsection a.
41  of this section.
42
43  29.  (New section)  a.  Any person who, having been duly sworn
44  or affirmed as a witness in any investigation, interview, hearing or
45  other proceeding conducted by the division pursuant to section 15
46  of P.L.   , c.   (C.      ) (pending before the Legislature as this
47  bill), shall willfully give false testimony shall be guilty of a
48  disorderly persons offense.

1    b.  The division may maintain a civil action on behalf of the
2  State against any person who violates or attempts or conspires to
3  violate P.L.    , c.    (C.        ) (pending before the Legislature as this
4  bill) or who fails, omits, or neglects to obey, observe, or comply
5  with any order or direction of the division, to recover a judgment
6  for a money penalty not exceeding $500 for each and every offense.
7  Every violation of any provision of P.L.    , c.    (C.        ) (pending
8  before the Legislature as this bill), or any division order or
9  direction, shall be a separate and distinct offense, and, in case of a
10  continuing violation, every day's continuance shall be and be
11  deemed to be a separate and distinct offense. Any civil action may
12  be compromised or discontinued on application of the division upon
13  the terms as the court may approve and a judgment may be rendered
14  for an amount less than the amount demanded in the complaint as
15  justice may require.
16    c.  The division may maintain a civil action against any person
17  to compel compliance with any of the provisions of P.L.      , c.
18  (C.        ) (pending before the Legislature as this bill), or to prevent
19  violations, attempts, or conspiracies to violate any provisions of
20  P.L.    , c.    (C.        ) (pending before the Legislature as this bill),
21  or interference, attempts, or conspiracies to interfere with or impede
22  the enforcement of any provisions of P.L.    , c.    (C.        ) (pending
23  before the Legislature as this bill) or the exercise or performance of
24  any power or duty thereunder, either by mandamus, injunction, or
25  action or proceeding in lieu of prerogative writ.
26    d.  Any person who shall violate any of the provisions of
27  P.L.    , c.    (C.        ) (pending before the Legislature as this bill),
28  for which no other penalty is prescribed, shall be guilty of a petty
29  disorderly persons offense.
30    e.  Any person who shall, without a satisfactory explanation,
31  loiter upon any vessel, dock, wharf, pier, bulkhead, terminal,
32  warehouse, or other waterfront facility or within 500 feet thereof in
33  that portion of the port of New York district in this State, shall be
34  guilty of a petty disorderly persons offense.
35    f.  Any person who, without justification or excuse in law,
36  directly or indirectly, intimidates or inflicts any injury, damage,
37  harm, loss, or economic reprisal upon any person licensed or
38  registered by the division, or any other person, or attempts,
39  conspires, or threatens so to do, in order to interfere with, impede,
40  or influence the licensed or registered person in the performance or
41  discharge of the licensed or registered person's duties or obligations
42  shall be punishable as provided in this section.
43
44    30.  (New section) a.  The failure of any witness, when duly
45  subpoenaed to attend, give testimony, or produce other evidence in
46  connection with any matter arising under the provisions of
47  P.L.    , c.    (C.        ) (pending before the Legislature as this bill),
48  whether or not at a hearing, shall be punishable by the Superior

S3502 SWEENEY, SARLO
42

1 Court in New Jersey in the same manner as that failure is
2 punishable by the court in a case therein pending.
3     b.   Any person who, having been sworn or affirmed as a witness
4 in any hearing pursuant to subsection a. of this section, shall
5 willfully give false testimony or who shall willfully make or file
6 any false or fraudulent report or statement required by P.L.     , c.
7 (C.        ) (pending before the Legislature as this bill) to be made or
8 filed under oath, shall be guilty of a disorderly persons offense.
9     c.   Any person who violates or attempts or conspires to violate
10 any other provision of P.L.     , c.    (C.        ) (pending before the
11 Legislature as this bill) shall be punishable as may be provided by
12 section 28 of P.L.    , c.    (C.        ) (pending before the Legislature
13 as this bill).
14    d.   Any person who interferes with or impedes the orderly
15 registration of longshoremen pursuant to P.L.     , c.    (C.        )
16 (pending before the Legislature as this bill) or who conspires to or
17 attempts to interfere with or impede such registration shall be
18 punishable as may be provided by section 28 of P.L.        , c.
19 (C.        ) (pending before the Legislature as this bill).
20    e.   Any person who, directly or indirectly, inflicts or threatens
21 to inflict any injury, damage, harm, or loss or in any other manner
22 practices intimidation upon or against any person in order to induce
23 or compel such person or any other person to refrain from
24 registering pursuant to section 8 of P.L.     , c.    (C.        ) (pending
25 before the Legislature as this bill) shall be punishable as may be
26 provided by section 28 of P.L.        , c.    (C.        ) (pending before
27 the Legislature as this bill).
28    f.   In any prosecution under this section, it shall be sufficient to
29 prove only a single act, or a single holding out or attempt,
30 prohibited by law, without having to prove a general course of
31 conduct, in order to prove a violation.
32
33    31. (New section)   As of the transfer date, the waterfront
34 commission compact, entered into by the State of New Jersey
35 pursuant to its agreement thereto under P.L.1953, c.202 (C.32:23-1
36 et seq.) and by the State of New York pursuant to its agreement
37 thereto under P.L.1953, c.882 (NY Unconsol. Ch.307, s.1), as
38 amended and supplemented, the airport commission compact,
39 entered into by the State of New Jersey pursuant to its agreement
40 thereto under P.L.1970, c.58 (C.32:23-150 et seq.) and by the State
41 of New York pursuant to its agreement thereto under P.L.1970,
42 c.951 (NY Unconsol. Ch.307, s.10), and the commission, are
43 dissolved.
44
45    32. R.S.52:14-7 is amended to read as follows:
46    52:14-7. a.   Every person holding an office, employment, or
47 position

1     (1) in the Executive, Legislative, or Judicial Branch of this
2 State, or
3     (2) with an authority, board, body, agency, commission, or
4 instrumentality of the State including any State college, university,
5 or other higher educational institution, and, to the extent consistent
6 with law, any interstate agency to which New Jersey is a party, or
7     (3) with a county, municipality, or other political subdivision of
8 the State or an authority, board, body, agency, district, commission,
9 or instrumentality of the county, municipality, or subdivision, or
10     (4) with a school district or an authority, board, body, agency,
11 commission, or instrumentality of the district,
12 shall have his or her principal residence in this State and shall
13 execute such office, employment, or position.
14     This residency requirement shall not apply to any person: (a)
15 who is employed on a temporary or per-semester basis as a visiting
16 professor, teacher, lecturer, or researcher by any State college,
17 university, or other higher educational institution, or county or
18 community college, or in a full or part-time position as a member of
19 the faculty, the research staff, or the administrative staff by any
20 State college, university, or other higher educational institution, or
21 county or community college, that the college, university, or
22 institution has included in the report required to be filed pursuant to
23 this subsection [, or]: (b) who is employed full-time by the State
24 who serves in an office, employment, or position that requires the
25 person to spend the majority of [his or her] the person's working
26 hours in a location outside of this State; or (c) an officer of the
27 waterfront commission of New York harbor, employed by the
28 commission on the effective date of P.L. , c. (C. ) (pending
29 before the Legislature as this bill), who seeks to be transferred to
30 the Division of State Police in the Department of Law and Public
31 Safety pursuant to section 4 of P.L. , c. (C. ) (pending
32 before the Legislature as this bill).
33     For the purposes of this subsection, a person may have at most
34 one principal residence, and the state of a person's principal
35 residence means the state (1) where the person spends the majority
36 of [his or her] the person's nonworking time, and (2) which is most
37 clearly the center of [his or her] the person's domestic life, and (3)
38 which is designated as [his or her] the person's legal address and
39 legal residence for voting. The fact that a person is domiciled in
40 this State shall not by itself satisfy the requirement of principal
41 residency hereunder.
42     A person, regardless of the office, employment, or position, who
43 holds an office, employment, or position in this State on the
44 effective date of P.L.2011, c.70 but does not have [his or her]
45 principal residence in this State on that effective date shall not be
46 subject to the residency requirement of this subsection while the

1    person continues to hold office, employment, or position without a
2    break in public service of greater than seven days.

3    Any person may request an exemption from the provisions of
4    this subsection on the basis of critical need or hardship from a five-
5    member committee hereby established to consider applications for
6    [such] exemptions.  The committee shall be composed of three
7    persons appointed by the Governor, a person appointed by the
8    Speaker of the General Assembly, and a person appointed by the
9    President of the Senate, each of whom shall serve at the pleasure of
10    the person making the appointment and shall have a term not to
11    exceed five years.  A vacancy on the committee shall be filled in the
12    same manner as the original appointment was made.  The Governor
13    shall make provision to provide such clerical, secretarial, and
14    administrative support to the committee as may be necessary for it
15    to conduct its responsibilities pursuant to this subsection.

16    The decision on whether to approve an application from any
17    person shall be made by a majority vote of the members of the
18    committee, and those voting in the affirmative shall so sign the
19    approved application.  If the committee fails to act on an application
20    within 30 days after the receipt thereof, no exemption shall be
21    granted and the residency requirement of this subsection shall be
22    operative.  The head of a principal department of the Executive
23    Branch of the State government, a Justice of the Supreme Court,
24    judge of the Superior Court, and judge of any inferior court
25    established under the laws of this State shall not be eligible to
26    request from the committee an exemption from the provisions of
27    this subsection.

28    The exemption provided in this subsection for certain persons
29    employed by a State college, university, or other higher educational
30    institution, or a county or community college, other than those
31    employed on a temporary or per-semester basis as a visiting
32    professor, teacher, lecturer, or researcher, shall apply only to those
33    persons holding positions that the college, university, or institution
34    has included in a report of those full or part-time positions as a
35    member of the faculty, the research staff, or the administrative staff
36    requiring special expertise or extraordinary qualifications in an
37    academic, scientific, technical, professional, or medical field or in
38    administration, that, if not exempt from the residency requirement,
39    would seriously impede the ability of the college, university, or
40    institution to compete successfully with similar colleges,
41    universities, or institutions in other states.  The report shall be
42    compiled annually and shall also contain the reasons why the
43    positions were selected for inclusion in the report.  The report shall
44    be compiled and filed within 60 days following the effective date of
45    P.L.2011, c.70.  The report shall be reviewed, revised as necessary,
46    and filed by January 1 of each year thereafter.  Each report shall be
47    filed with the Governor and, pursuant to section 2 of P.L.1991,
48    c.164 (C.52:14-19.1), with the Legislature, and a report may be

S3502 SWEENEY, SARLO
45

1 revised at any time by filing an amendment to the report with the
2 Governor and Legislature.
3     As used in this section, "school district" means any local or
4 regional school district established pursuant to chapter 8 or chapter
5 13 of Title 18A of the New Jersey Statutes and any jointure
6 commission, county vocational school, county special services
7 district, educational services commission, educational research and
8 demonstration center, environmental education center, and
9 educational information and resource center.
10     b.  If any person holding any office, employment, or other
11 position in this State shall attempt to let, farm out, or transfer
12 [such] office, employment, or position or any part thereof to any
13 person, [he] the person shall forfeit the sum of [fifteen hundred
14 dollars ($1,500.00)] $1,500, to be recovered with costs by any
15 person who shall sue for the same, one-half to the prosecutor and
16 the other half to the [treasurer] State Treasurer for the use of the
17 State.
18     c.  No person shall be appointed to or hold any position in this
19 State who has not the requisite qualifications for personally
20 performing the duties of such position in cases where scientific
21 engineering skill is necessary to the performance of the duties
22 thereof.
23     d.  Any person holding or attempting to hold an office,
24 employment, or position in violation of this section shall be
25 considered as illegally holding or attempting to hold the same;
26 provided that a person holding an office, employment, or position in
27 this State shall have one year from the time of taking the office,
28 employment, or position to satisfy the requirement of principal
29 residency, and if thereafter [such] the person fails to satisfy the
30 requirement of principal residency as defined herein with respect to
31 any 365-day period, that person shall be deemed unqualified for
32 holding the office, employment, or position.  The Superior Court
33 shall, in a civil action in lieu of prerogative writ, give judgment of
34 ouster against [such] the person, upon the complaint of any officer
35 or citizen of the State, provided that any [such] complaint shall be
36 brought within one year of the alleged 365-day period of failure to
37 have [his or her] the person's principal residence in this State.
38 (cf: P.L.2011, c.70, s.2)
39
40     33.  The following are repealed:
41 P.L.1953, c.202 (C.32:23-1 et seq.);
42 P.L.1991, c.248 (C.32:23-23.1);
43 P.L.1985, c.32 (C.32:23-43.1 and 32:23-44.1);
44 Section 2 of P.L.1956, c.20 (C.32:23-75.1);
45 P.L.1954, c.3 (C.32:23-77.1 et seq.);
46 Sections 4 and 5 of P.L.1962, c.5 (C.32:23-80.1 and 32:23-80.2);
47 P.L.1954, c.14 (C.32:23-85 et seq.);

S3502 SWEENEY, SARLO
46

1     P.L.1956, c.19 (C.32:23-99 et seq.);
2     Sections 6, 8, 9, and 10 of P.L.1956, c.194 (C.32:23-105 through
3     32:23-108);
4     P.L.1990, c.59 (C.32:23-105.1 through 32:23-105.3);
5     Sections 2 and 6 through 9 of P.L.1962, c.5 (C.32:23-109
6     through 32:23-113);
7     Sections 2 through 5 of P.L.1966, c.18 (C.32:23-114 through
8     32:23-117);
9     P.L.1976, c.102 (C.32:23-118 through 32:23-121); and
10    Sections 4 through 17 and section 19 of P.L.1970, c.58 (C.32:23-
11    150 through 32:23-225).
12
13    34. This act shall take effect immediately, but sections 3 through
14    32 shall be inoperative until the transfer date has occurred pursuant
15    to section 31 of P.L.    , c.   (C.      ) (pending before the
16    Legislature as this bill).
17
18
19                    STATEMENT
20
21    This bill directs the Governor, on behalf of the State of New
22    Jersey, to notify the Congress of the United States, the Governor of
23    the State of New York, and the Waterfront Commission of New
24    York Harbor of the State of New Jersey's intention to withdraw
25    from the compact creating the commission, and repeals the compact
26    establishing the commission and related statutes.
27    The bill provides for the assumption of the commission's
28    functions and duties within the State of New Jersey by the New
29    Jersey State Police in order to investigate, deter, and combat
30    criminal activity and influence in the New Jersey portion of the port
31    of New York. These duties include: processing applications filed
32    by individuals and firms required to be registered or licensed to
33    undertake port-related employment; supervising the hiring of
34    longshoremen, checkers, and pier guards in the port; and making
35    employment information available to these dock workers. The State
36    Police are responsible for screening, registering, and licensing
37    individuals who apply to work at the dock. In doing so, the State
38    Police are authorized to deny or revoke the registration or licenses
39    of those who involve themselves in criminal activity. Once the
40    freight is removed from a marine terminal in the port, the bill
41    provides that the State Police no longer have jurisdiction with
42    regard to the screening, registering, and licensing of consignees of
43    waterborne freight.
44    Under legislation enacted by New Jersey and New York in 1953
45    and consented to by Congress that same year, the two states entered
46    into a compact establishing the commission. The commission is
47    empowered under the compact to regulate the employment of
48    individuals, and the engagement of businesses, in the provision of

1   various cargo handling services within the port.  Notably, the
2   compact provides for the licensure of those acting within the district
3   as pier superintendents, hiring agents, stevedores, and port
4   watchmen, and for the registration of longshoremen.    The
5   commission is authorized to establish and maintain within the port
6   "employment information centers" through which longshoremen
7   and port watchmen are hired in order to work in the port.   The
8   compact provides that a conviction for certain offenses is grounds
9   for disqualification from receiving or retaining status as a licensee
10   or registrant under the compact.   The compact authorizes the
11   commission to enforce its regulations through investigations,
12   hearings, and civil penalties, and to fund its operations through an
13   assessment upon the employers of those subject to its regulation;
14   the assessment may not exceed two percent of the estimated gross
15   payroll of those employers.  All of these duties and responsibilities
16   under the compact are to be transferred to the State Police and the
17   revenues from the assessment are to be deposited in the State's
18   General Fund instead of with the commission.
19       Further, in 1970, both New Jersey and New York enacted
20   legislation to supplement the 1953 compact. Under that legislation,
21   the commission's authority to regulate cargo handling was extended
22   to the licensure of those serving at airports within the two states as
23   airfreightmen, airfreightman supervisors, air freight terminal
24   operators, or air freight truck carriers.  Like the earlier legislation,
25   the 1970 legislation confers on the commission the power to enforce
26   its regulation of airport cargo handling, and to fund regulatory and
27   improvement activity through a payroll-based assessment on
28   employers.   This supplementary compact has not received
29   Congressional consent, and has not been implemented.  This bill
30   repeals the 1970 legislation.

# EXHIBIT B

SENATE BUDGET AND APPROPRIATIONS COMMITTEE

STATEMENT TO

**SENATE, No. 3502**

# STATE OF NEW JERSEY

DATED: NOVEMBER 20, 2017

The Senate Budget and Appropriations Committee reports favorably Senate Bill No. 3502.

This bill directs the Governor, on behalf of the State of New Jersey, to notify the Congress of the United States, the Governor of the State of New York, and the Waterfront Commission of New York Harbor of the State of New Jersey's intention to withdraw from the compact creating the commission, and repeals the compact establishing the commission and related statutes.

The bill provides for the assumption of the commission's functions and duties within the State of New Jersey by the New Jersey State Police to investigate, deter, and combat criminal activity and influence in the New Jersey portion of the port of New York. These duties include: processing applications filed by individuals and firms required to be registered or licensed to undertake port-related employment; supervising the hiring of longshoremen, checkers, and pier guards in the port; and making employment information available to these dock workers. The State Police are responsible for screening, registering, and licensing individuals who apply to work at the dock. In doing so, the State Police are authorized to deny or revoke the registration or licenses of those who involve themselves in criminal activity. Once the freight is removed from a marine terminal in the port, the bill provides that the State Police no longer have jurisdiction with regard to the screening, registering, and licensing of consignees of waterborne freight.

Under legislation enacted by New Jersey and New York in 1953 and consented to by Congress that same year, the two states entered into a compact establishing the commission. The commission is empowered under the compact to regulate the employment of individuals, and the engagement of businesses, in the provision of various cargo handling services within the port. Notably, the compact provides for the licensure of those acting within the district as pier superintendents, hiring agents, stevedores, and port watchmen, and for the registration of longshoremen. The commission is authorized to establish and maintain within the port "employment information centers" through which longshoremen and port watchmen are hired to work in the port. The compact provides that a conviction for certain offenses is grounds for disqualification from receiving or retaining status as a licensee or registrant under the compact. The compact authorizes the commission to enforce its regulations through

2

investigations, hearings, and civil penalties, and to fund its operations through an assessment upon the employers of those subject to its regulation; the assessment may not exceed two percent of the estimated gross payroll of those employers.  All of these duties and responsibilities under the compact are to be transferred to the State Police in accordance with the bill, and the revenues from the assessment are to be deposited in the State's General Fund instead of with the commission.

Further, in 1970, both New Jersey and New York enacted legislation to supplement the 1953 compact. Under that legislation, the commission's authority to regulate cargo handling was extended to the licensure of those serving at airports within the two states as airfreightmen, airfreightman supervisors, air freight terminal operators, or air freight truck carriers.  Like the earlier legislation, the 1970 legislation confers on the commission the power to enforce its regulation of airport cargo handling, and to fund regulatory and improvement activity through a payroll-based assessment on employers.   This supplementary compact has not received Congressional consent, and has not been implemented.   This bill repeals the 1970 legislation.

FISCAL IMPACT:

The Office of Legislative Services (OLS) estimates that the bill will initially result in about $12.6 million in State costs, and approximately $10.4 million in State revenue which will increase annually with growth in traffic volume.

With respect to State costs, the OLS notes that the commission's annual report for 2012-2013 identified $12.7 million in expenditures for FY 2013, with $10.2 million being the "New Jersey" share, based on an assumed 80 percent of commission activity taking place in New Jersey, and representing the commission activity that would subsequently fall to the State Police.  The State Police is expected to experience increased costs in integrating the operations and legacy commitments of the commission, resulting in an initial State cost of approximately $12.6 million, which includes some non-recurring costs related to the transfer.

In terms of State revenues, the OLS notes that the commission is funded through an assessment on the wages of persons utilized in the handling of waterborne cargo at ports under commission jurisdiction. Assessments generated $13.2 million in revenue in fiscal year 2013, with 80 percent of commission activity attributed to ports located in the State of New Jersey, primarily Port Newark, Port Elizabeth, and Port Jersey. The New Jersey State portion of revenues from the assessments represents an additional $10.6 million in State revenue, which is likely to increase with economic growth at the port.  The OLS has adjusted this amount to account for the contraction in jurisdiction over cargo handling.